[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 15, 2010
JOHN LEY
CLERK

No. 10-11449
Non-Argument Calendar

_____

D.C. Docket No. 8:01-cr-00045-VMC-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT FIORE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 15, 2010)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Robert Fiore appeals the revocation of his supervised release and

subsequent sentence of 27 months' imprisonment.  After review, we affirm.

## I. FACTUAL BACKGROUND

### A. Petition for Revocation of Supervised Release

In 2002, Fiore pled guilty to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). The district court imposed a 70-month sentence, followed by five years' supervised release. As conditions of supervised release, Fiore, <u>inter alia</u>, was required to work regularly at a lawful occupation and participate in a treatment program for narcotics addiction or drug and alcohol dependency and was prohibited from using controlled substances. Fiore also could not "commit another federal, state, or local crime."

On January 8, 2008, Fiore began serving his supervised release term. In March 2009, the probation officer filed a petition for revocation, alleging that Fiore had violated his supervised release terms by failing to work regularly at a lawful occupation (count 1), testing positive for heroin and cocaine on April 4, 2008 and July 29, 2008, respectively (counts 2 and 3), and failing to participate in drug aftercare treatment (count 4).

At a March 24, 2009 hearing before the district court, Judge Elizabeth Kovachevich, Fiore admitted guilt as to the positive drug tests (counts 2 and 3) and did not contest the other charges (counts 1 and 4). Judge Kovachevich adjudicated Fiore guilty on all four counts, but continued proceedings without

imposing a sentence so that Fiore could be evaluated and placed on a waiting list for a long-term drug treatment program.

**B.      Superceding Petition and Evidentiary Hearing**

On April 13, 2009, the probation officer filed a superceding petition that alleged an additional violation, namely that on May 18, 2008, Fiore committed the state crime of uttering a forged check (count 5). Judge Kovachevich then vacated her March 24, 2009 order finding Fiore guilty on counts 1 through 4.

On May 5, 2009, Judge Kovachevich held an evidentiary hearing on the newly alleged violation in count 5. The government called Larry Arevalo, the alleged victim of the forged check offense. Arevalo testified that Fiore was living with him at the time of the offense. Fiore and Arevalo's girlfriend met while in drug rehabilitation. Arevalo agreed to let Fiore live in his house. In exchange, Fiore promised to transfer $20,000 into Arevalo's bank account so that Arevalo could buy a car. Fiore told Arevalo he needed Arevalo's routing and account numbers to deposit the money. Arevalo gave Fiore a blank check with that information on it. Later, when Arevalo checked his online statement, he discovered that a $900 check had been written on his account.

The government introduced a check for $900 made out to Robert Fiore and signed with Arevalo's name. Arevalo denied signing the check or authorizing

anyone else to do so.  Upon discovering the check, Arevalo confronted Fiore, who apologized and promised to repay Arevalo.  Instead, Fiore fled Arevalo's house, leaving all his personal property.

During cross-examination, Arevalo admitted that he had filed a criminal complaint against his girlfriend for forging a check shortly after the incident with Fiore.  Arevalo further admitted that his girlfriend had previously used an ATM to withdraw money from his account without his permission.  After the government rested, Judge Kovachevich granted Fiore's request for a continuance to look for Arevalo's girlfriend as a possible exculpatory witness.

## C.     Continuance and Judge Kovachevich's Recusal

Before a second hearing could be held, Judge Kovachevich received a threatening letter from Fiore.  On June 17, 2009, Judge Kovachevich recused, and the case was reassigned to another district court judge, Judge Virginia Hernandez Covington.  On June 18, 2009, the district court granted defense counsel's unopposed motion to determine Fiore's competency.  After a psychological evaluation indicated that Fiore could not understand the nature and consequences of the proceedings, the district court granted defense counsel's unopposed motion to seek mental health treatment at the Federal Medical Center in Butner, North Carolina and waiving Fiore's right to a competency hearing.

**D.  Reconvened Revocation Proceedings**

On March 23, 2010, after Fiore had received treatment and his competency was restored, the district court, Judge Hernandez Covington presiding, reconvened Fiore's revocation proceedings.  The district court stated that it had reviewed the transcript of the May 5, 2009 evidentiary hearing relating to count 5.  The government reiterated that it had rested its case.

The district court then asked defense counsel whether Fiore had any evidence to present.  Defense counsel responded, "[N]o, Your Honor, other than you've taken judicial notice of the transcript of the testimony of the alleged victim, also taking judicial notice of the FMC, uh, forensic evaluation - - sorry, the Federal Medical Center - - forensic evaluation, uh, dated January 8th, 2010.  As well as taking judicial notice of the July 14th, 2009 forensic, uh, psychological evaluation, uh, performed by Dr. Gamache."  Defense counsel also asked whether the district court was aware that the state charges of uttering a forged instrument had been nolle prossed.  The district court responded, "I am aware of - - not just aware of all of those items, I have read those items, and studied those very carefully, so I am aware of everything that both of you have called to my attention."

The district court reconfirmed with defense counsel that Fiore had no further evidence to present and had admitted the violations in counts 1 through 4. The district court first adjudicated Fiore guilty of counts 1 through 4. The district court then stated it had "reviewed the transcript of the evidentiary hearing before Judge Kovachevich on May 5th, 2009, as well as the comments made by counsel that there's no additional evidence to be presented." The district court then found Fiore guilty of count 5, "new criminal conduct, uttering a forged instrument, occurring on May 18th, 2008."

After calculating Fiore's imprisonment term of 21 to 27 months under the Sentencing Guidelines, the district court asked whether there were any objections to its findings. Defense counsel responded, "[A]s to the finding of uttering a forged instrument, we do object. As to the other four, no." The district court overruled Fiore's objection.

In mitigation, defense counsel argued, inter alia, that the check-victim witness's testimony was not completely credible, stating "I'm not trying to re-litigate the issues, but that transcript of that victim statement about coming to see him at the hospital after Mr. Fiore committed a crime against him. I mean, that just shows that there's got to be something to this [case] more than what [he] is saying, that Mr. Fiore would buy him a $20,000 car after just meeting him out of a

drug rehab clinic because he knew his girlfriend, but that's just - - I'm just summarizing that." The district court revoked Fiore's supervised release and imposed a 27-month sentence. Fiore filed this appeal.

## II. DISCUSSION

On appeal, Fiore argues that the district court erred in relying on the transcript of the May 5, 2009 evidentiary hearing and should have held a new evidentiary hearing before finding him guilty of count 5. The invited error doctrine precludes Fiore from raising this argument on appeal.

Under the invited error doctrine, "a party may not challenge as error a ruling or other trial proceeding invited by that party." United States v. Love, 449 F.3d 1154, 1157 (11th Cir. 2006) (quotation marks omitted). "Where invited error exists, it precludes a court from invoking the plain error rule and reversing." Id. (quotation marks omitted).

Here, when the district court reconvened the revocation proceedings, Fiore advised the court that he had no further evidence to present and asked the court to take judicial notice of the victim witness's testimony at the evidentiary hearing before Judge Kovachevich. Furthermore, in arguing for a more lenient sentence, Fiore asked the court to make an adverse credibility finding based on the

implausibility of the victim witness's testimony.  Under the circumstances, any error in relying on the May 5, 2009 hearing transcript was invited by Fiore.

Alternatively, Fiore argues that the district court's finding as to count 5 was not supported by sufficient evidence.  Specifically, Fiore contends that as a prerequisite for finding him guilty of the new law violation in count 5, the district court was required to find by a preponderance of the evidence that he was actually convicted of the underlying state crime of uttering a forged check.  Fiore's argument lacks merit.[1]  One of the conditions of Fiore's supervised release was that he not commit another federal, state or local crime, which is a statutory mandatory term of supervised release.  See 18 U.S.C. § 3583(d).  The commentary to Chapter 7 of the Sentencing Guidelines, which governs revocation proceedings, provides that a defendant may be charged with violating this mandatory term "whether or not the defendant has been the subject of a separate federal, state, or local prosecution for such conduct."  U.S.S.G. § 7B1.1, cmt. n.1.  Thus, the government was required to prove by a preponderance of the evidence only that

---

[1]Ordinarily we review a district court's revocation of supervised release for an abuse of discretion, United States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994), and review the district court's findings of fact made in the revocation proceedings for clear error.  United States v. Almand, 992 F.2d 316, 318 (11th Cir. 1993).  However, the parties dispute whether Fiore's objection to the district court's finding on count 5 was specific enough to preserve the issue raised on appeal or whether plain error review applies.  We need not address this issue because Fiore has shown no reversible error under either standard.

8

Fiore uttered the forged check, not that he was convicted in state court on uttering charges. The testimony of the victim witness and the documentary evidence of the forged check made out to Fiore were sufficient to support the district court's finding.

To the extent Fiore argues that due process required proof of a criminal conviction, rather than criminal conduct, we disagree. A defendant in revocation proceedings is entitled to minimal due process protections. Frazier, 26 F.3d at 114; see also Fed. R. Crim. P. 32.1 (outlining procedures intended to afford defendants due process). These minimum due process requirements include: notice of the claimed violations, disclosure of evidence, an opportunity to be heard and present evidence, the right to confront witnesses, a neutral decision maker and a written statement of the evidence relied upon and the reasons for revoking supervision. Morrissey v. Brewer, 408 U.S. 471, 488-89, 92 S. Ct. 2593, 2604 (1972) (involving parole revocation). This Court has concluded that proof of a violation of supervised release by a preponderance of the evidence does not violate these minimal due process requirements. See, e.g., United States v. Cunningham, 607 F.3d 1264, 1268 (11th Cir. 2010) (holding that "§ 3583(e)(3) does not violate the Fifth and Sixth Amendments because the violations of supervised release need only be proven by a preponderance of the evidence, and

there is no right to a trial by jury in a supervised release revocation hearing");

Morgan v. Wainwright, 676 F.2d 476, 477 (11th Cir. 1982) (concluding there is no

Fourteenth Amendment due process right to a jury trial in a revocation proceeding

to determine whether the defendant committed a robbery while on probation).

**AFFIRMED.**