[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14475
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2011
JOHN LEY
CLERK

D. C. Docket No. 09-00005-CR-T-17-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NERY CAMPAZ-GUERRERO,

Defendant-Appellant.

_____

No. 09-14525
Non-Argument Calendar
_____

D. C. Docket No. 09-00005-CR-T-17-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR HUGO MONTANO-ORTIZ,

Defendant-Appellant.

_____

No. 09-14577
Non-Argument Calendar
_____

D. C. Docket No. 09-00005-CR-T-17-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO LARA OLAYA,

Defendant-Appellant.
_____

No. 09-14578
Non-Argument Calendar
_____

D. C. Docket No. 09-00005-CR-T-17-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO ALERIA,

Defendant-Appellant.
_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(April 22, 2011)

Before CARNES, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Nery Campaz-Guerrero, Victor Hugo Montano-Ortiz, Roberto Lara Olaya, and Armando Aleria appeal their convictions and sentences for one count of conspiring to operate and for one count of aiding and abetting in operating a semi-submersible vessel without nationality with intent to evade detection, in violation of the Drug Trafficking Vessel Interdiction Act, 18 U.S.C. § 2285(a) and (b), and 18 U.S.C. § 2. The defendants contend that 18 U.S.C. § 2285 is unconstitutional for several reasons and also contend that the sentences the district court imposed are procedurally and substantively unreasonable.[1]

I.

Some time before December 31, 2008, the defendants set out to sea in a semi-submersible vessel.[2] On December 31, 2008, Coast Guard officers detected the defendants' vessel in international waters in the eastern Pacific Ocean about 195 miles off the coast of Ecuador. The Coast Guard dispatched a helicopter to investigate and to take photographs of the vessel. The investigation revealed that

---

[1] While we permit Olaya to adopt his codefendant's contentions, see United States v. Rivera Pedin, 861 F.2d 1522, 1526 n.9 (11th Cir. 1988), we do not allow Olaya to adopt any of the arguments made by appellants in other criminal cases involving 18 U.S.C. § 2285. See United States v. Bichsel, 156 F.3d 1148, 1150 n.1 (11th Cir. 1998).

[2] The parties stipulated to the following facts at the defendants' change of plea hearing.

the semi-submersible vessel had no flag, registration number, home port, or navigational lights. The officers in the helicopter saw two men emerge from the vessel, and shortly after that two more men emerged. All four men (who later turned out to be the defendants in this case) were wearing life jackets. The defendants left the hatch open, abandoned ship, and the semi-submersible vessel began taking on water. Meanwhile, the Coast Guard had dispatched a boat to execute a "right of visit" on the vessel. But by the time that boat reached the scene, the vessel had taken on a lot of water, and despite the Coast Guard's efforts the vessel sank.

After being pulled out of the Pacific and transported back to the United States, the defendants were indicted for one count of conspiring to operate a semi-submersible vessel and a second count for aiding and abetting in the operation of the semi-submersible vessel in violation of 18 U.S.C. § 2285(a) and (b), and 18 U.S.C. § 2. The defendants filed a motion to dismiss, raising several constitutional challenges to 18 U.S.C. § 2285(a) and (b), which the district court rejected. After that motion was denied, the defendants all agreed to change their plea to guilty on the condition that they retain their right to appeal the district court's denial of their motion to dismiss.

At the time of the defendants' joint sentence hearing on August 28, 2009, no sentencing guideline was in effect for § 2285 offenses. The United States Sentencing Commission had already submitted proposed U.S.S.G. § 2X7.2 to Congress, which would cover § 2285 offenses, but that guideline would not take effect until November 1, 2009. In addition to a base level of 26 for § 2285 offenses, the proposed guideline recommended an eight-level enhancement for offenses that involved the sinking of the vessel.

The defendants' presentence investigation reports used the proposed guideline and applied its eight-level enhancement. The reports calculated the defendants' guidelines range at 108 to 135 months. The defendants objected to the use of the proposed guideline and the enhancement and argued that the district court should apply what they asserted was the most closely analogous guideline in effect at that time—U.S.S.G. § 2X7.1, which applied to border tunnel related offenses. The district court sustained the objection and refused to apply the proposed guideline, but it disagreed with the defendants' argument that § 2X7.1 applied by analogy. In the absence of any analogous guidelines, the court determined the sentences under 18 U.S.C. § 3553(a) as required by U.S.S.G. § 2X5.1. See U.S.S.G. § 2X5.1 ("If there is not a sufficiently analogous guideline, the provisions of 18 U.S.C. § 3553 shall control . . . .").

After hearing arguments from Montano-Ortiz's counsel in mitigation, the district court noted its obligation under § 3553(a) to consider a number of factors, specifically referring to at least four of them, including the need to avoid "disparities among defendants with similar records that have been found guilty of similar conduct." The court noted that, although U.S.S.G. § 2X7.2 had not yet taken effect, it would have had "no problem finding" that its eight-level enhancement would have applied to the defendants' offenses "but for [its] effective date." After considering "that these people have admitted their guilt and avoided trial for the government," the district court determined that a 108-month sentence would be appropriate and "that's what [the court is] going to give them." The court imposed two concurrent 108-month sentences on Montano-Ortiz, one for each count in the indictment.

The court then heard arguments from the other defendants' attorneys in mitigation and allocutions from the three remaining defendants. For each defendant the district court stated that it was expressly considering all of the § 3553(a) factors. The court also stated that it "incorporates by reference what I said" in determining Montano-Ortiz's sentence. The court imposed two concurrent 108-month sentences on each defendant, one for each count, and found each

6

defendants' sentence to be "sufficient, but not greater than necessary to comply" with § 3553(a)'s purposes.

## II.

While we review de novo the constitutionality of a statute, United States v. Brown, 441 F.3d 1330, 1365 (11th Cir. 2006), we need not do so if a panel of this Court has already answered that question, see Nguyen v. United States, 556 F.3d 1244, 1257 (11th Cir. 2009) ("We are, of course, bound to follow prior panel precedent that is on point."). We have already answered the question on three of the grounds raised by the defendants. See United States v. Ibarguen-Mosquera, ___ F.3d ___, 2011 WL 447870, *3 (11th Cir. 2011) (holding that § 2285 was within Congress' enumerated power under the High Seas Clause, U.S. Const. Art. I, § 8, cl. 10); id. at *6 (holding that § 2285 did not violate a criminal defendant's procedural due process rights because it did not unconstitutionally shift the burden of proving that the defendant was not involved in illegal conduct); id. (holding that because it is rationally related to a legitimate government interest § 2285 does not violate substantive due process); see also United States v. Saac, ___ F.3d ___, 2011 WL 414995, *3–6 (11th Cir. 2011) (holding that § 2285 was within Congress' enumerated power under the High Seas Clause).

The one question raised by the defendants that has not already been decided in our circuit is whether two terms in § 2285—"semi-submersible vessel" and "intent to evade" —are unconstitutionally vague as applied to those defendants. "Except in First Amendment cases, a party who engages in some conduct that is clearly prosribed cannot complain of the vagueness of the law as applied to the conduct of others." Ibarguen-Mosquera, 2011 WL 447870 at *4 (quotation marks omitted) (quoting Holder v. Humanitarian Law Project, ___ U.S. ___, 130 S.Ct. 2705, 2719 (2010)) . In Ibarguen-Mosquera, we held that under the facts of that case, "semi-submersible vessel" and "intent to evade" as defined in § 2285 were not vague as applied to the defendants in that case. Id. at *4–5. In Ibarguen-Mosquera, we interpreted "semi-submersible vessel" as defined by § 2285 to mean a vessel "having [the] general ability" of operating with the "greatest amount" of its hull and bulk under the surface of the water. Id. at *4; see also 46 U.S.C. § 70502(f)(1). The defendants in this case stipulated to operating a semi-submersible vessel, as defined by § 2285, and thus stipulated to operating a vessel having the general ability of operating with over half of its hull under water.

In Ibarguen-Mosquera, we also found that because there was evidence apart from the fact that the defendants were using a semi-submersible vessel, such as no navigational lights, no registration numbers, and no other markings, "intent to

evade" was not vague as applied to the defendants in that case. In this case, as in Ibarguen-Mosquera, it is clear that the defendants had an "intent to evade detection" under § 2285 apart from the fact that they were found in a semi-submersible vessel. See Ibarguen-Mosquera, 2011 WL 447870, at *5. The defendants stipulated that the vessel they were operating had no flag, no registration number, no home port, and no navigational lights. See id.; see also 18 U.S.C. § 2285(b) (stating that the presence of any indicia in 46 U.S.C. § 70507(b)(1)(A), (E), (F), (G), (b)(4), (b)(5), or (b)(6), which includes false registration numbers, nationality, and homeport and a lack of navigational lights, are prima facie evidence of intent to evade detection). Accordingly, we hold that § 2285 is not vague as applied to the defendants in this case.

## III.

"We review sentencing decisions only for abuse of discretion, and we use a two-step process." United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009). First we "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the

9

Guidelines range." Id. at 1237 (quoting Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 597 (2007)). "[T]he second step is to review the sentence's substantive reasonableness under the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. (quoting Gall, 552 U.S. at 51, 128 S.Ct. at 597) (quotation marks omitted). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The defendants contend that their sentences are procedurally and substantively unreasonable for several reasons. We address each in turn.

A.

The defendants argue that their sentences are procedurally unreasonable because the district court failed to take their acceptance of responsibility into consideration. We give great deference to a district court's determination of a defendant's entitlement to an acceptance-of-responsibility reduction, which "should not be disturbed unless it is without foundation." United States v. Knight, 562 F.3d 1314, 1322 (11th Cir. 2009). In this case, the district court expressly considered Montano-Ortiz's acceptance of responsibility before imposing his individual sentence. The court expressly stated that it "incorporates by reference"

10

the same factors it considered and reasons it gave in determining Montano-Ortiz's sentence, which included acceptance of responsibility, before imposing the other defendants' individual sentences. The district court thus did not procedurally err because it expressly considered each defendant's acceptance of responsibility when determining his sentence under § 3553(a).

## B.

Olaya argues that his sentence is procedurally unreasonable because the district court should have applied U.S.S.G. § 2X7.1 as the most analogous guideline under U.S.S.G. § 2X5.1.[3] "Whether a guideline is or is not analogous to a defendant's criminal activity is a question of law," which we review de novo. United States v. Gabay, 923 F.2d 1536, 1545 (11th Cir. 1991).

As there was no guideline expressly applicable to § 2285 offenses at the time of sentencing, the district court was required to "apply the most analogous guideline." U.S.S.G. § 2X5.1. If there is no sufficiently analogous guideline, the district court must determine a sentence under § 3553(a). Id. Olaya argues that § 2X7.1 was sufficiently analogous and that the district court erred by rejecting his

---

[3] Montano-Ortiz and Olaya also argue that their sentences are procedurally unreasonable because the district court should have sentenced them under U.S.S.G. § 2X7.2 as it was proposed at the time. At the sentence hearing they both objected to the application of the proposed guideline, so if the court erred by not applying it, Montano-Ortiz and Olaya invited that error. See United States v. Love, 449 F.3d 1154, 1157 (11th Cir. 2006) ("It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party.").

request to consider it. This Court, however, has already resolved that issue in a way that forecloses Olaya's argument. See Saac, 2011 WL 414995, *8–9.

In Saac, we noted that Section 2X7.1 concerns border tunnels and subterranean passages. Id. at *8; see also U.S.S.G § 2X7.1. And every provision under § 2X7.1 expressly and solely addresses convictions under 18 U.S.C. § 555, which makes it a crime to construct, finance, and use tunnels or passages that cross the border between the United States and a neighboring country. Saac, 2011 WL 414995 at *8; see also U.S.S.G § 2X7.1. Section § 2285, however, addresses a global—not just a United States border—concern of the use of submersible and semi-submersible vessels for smuggling operations in international waters around the world. See Saac, 2011 WL 414995 at *8. The conduct involved in constructing, financing, and using border tunnels under § 855 thus differs materially from the conduct covered under by the § 2285, which "targets maritime smuggling in the broader international arena." Id. The district court did not err in finding U.S.S.G. § 2X7.1 insufficiently analogous.

## C.

Finally, the defendants argue that their sentences are substantively unreasonable. In reviewing the substantive reasonableness of a sentence, "we must, as the Supreme Court has instructed us, consider the totality of the facts and

12

circumstances." United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010). "[T]he proper factors are set out in 18 U.S.C. § 3553(a)," and while a district court has substantial discretion in weighing the factors, it can commit "a clear error in judgment when it weighs those factors unreasonably, arriving at a sentence that does not achieve the purposes of sentencing as stated in § 3553(a)." Id. The district court need not discuss each factor. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). And we review findings of fact that underlie the district court's sentence only for clear error. Gabay, 923 F.2d at 1544.

The gist of the defendants' arguments are that they received the same 108-month sentence as the defendants in Ibarguen-Mosquera, which also involved § 2285 offenses. The Ibarguen-Mosquera defendants, however, did not plead guilty, and they forced the government to prove its case at trial. See Ibarguen-Mosquera, 2011 WL 447870, at *2. The defendants in this case all argue that because they accepted responsibility and the defendants in Ibarguen-Mosquera did not, their sentences should not be the same. But that disparity does not establish that the district court abused its discretion by imposing substantively unreasonable sentences. See United States v. Williams, 456 F.3d 1353, 1369 (11th Cir. 2006) ("Of course, some disparity between similarly situated defendants is an inevitable result of Booker.")

13

For example, in Saac, we held that a 108-month sentence for violations of § 2285 in which the defendant plead guilty to the conduct charged—just like the defendants in this case—was substantively reasonable. 2011 WL 414995 at *9.

In this case, the district court imposed sentences for each defendant individually. Before imposing the sentences, the district court noted its duty to consider all § 3553(a) factors and expressly considered many of those factors, including the nature and circumstances of the offense, the seriousness of the offense, the need for deterrence, and the need to avoid sentencing disparities. We find no clear error in the court's finding that if the proposed guideline had been in effect it would have applied because the evidence showed that the defendants sank the semi-submersible vessel. Had the proposed guideline for § 2285 offenses been in effect, the sentences imposed would have been at the lower end of the guidelines range. See United States v. Alfaro-Moncada, 607 F.3d 720, 735 (11th Cir. 2010) ("If the district court's sentence is within the guidelines range, we expect that the sentence is reasonable."). And the sentences were well below the 15-year statutory maximum for violations of § 2285. We are not "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of

14

reasonable sentences dictated by the facts of the case." See United States v. Rodriguez, 628 F.3d 1258, 1264–65 (11th Cir. 2010).

**AFFIRMED.**