[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14750
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:10-cr-00020-JA-DAB-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YAW MARFO,
a.k.a. Yaw Daniel Marfo,
a.k.a. Daniel Addo,
a.k.a. Dan,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 8, 2011)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, Yaw Marfo pled guilty to two counts of a six-count indictment: Count One, conspiracy to commit bank fraud and to utter a forged security, in violation of 18 U.S.C. § 371, and Count Six, conspiracy to commit tax fraud, in violation of 8 U.S.C. § 286. The district court sentenced him at the low-end of the applicable Sentencing Guideline to concurrent prison terms of 41 months. He appeals his sentences, contending that the district court erred by including the total amount of $510,523.32 of intended loss in calculating the offense level, rather than including only the $90,000 of actual loss for which he was responsible.

I.

We review the district court's loss determination for clear error. *United States v. Woodard*, 459 F.3d 1078, 1087 (11th Cir. 2006). A defendant's failure to object to allegations of fact in a presentence report admits those facts for sentencing purposes. *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006). Further, "a party may not challenge as error a ruling or other trial proceeding invited by that party." *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (citation omitted). "The doctrine of invited error is implicated when a party induces or invites the district court into making an error." *Id.* (quotation omitted). "The doctrine stems from the common sense view that where

2

a party invites the trial court to commit error, he cannot later cry foul on appeal." *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009).

"[A] party seeking to raise a claim or issue on appeal must plainly and prominently so indicate. Otherwise, the issue—even if properly preserved at trial—will be considered abandoned." *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

Because Marfo admitted at sentencing that the presentence report's loss and offense level calculations were correct, he has invited his alleged error. In addition, he also has not sufficiently raised a reasonableness issue on appeal, so he has abandoned that issue.

AFFIRMED,