[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14109
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 13, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00228-VMC-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRANCE RILEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 13, 2011)

Before EDMONDSON, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Terrance Riley appeals his convictions and bottom-of-the-guidelines-range 262-month sentence for one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of possessing crack cocaine, in violation of 21 U.S.C. § 844(a).

I.

At 2:30 a.m. on the morning of July 14, 2008, two police officers observed Riley riding a bicycle without a light. When the officers attempted a stop, Riley dismounted the bike, took off on foot, and the officers gave chase. After being slowed by his struggles to clear a fence, Riley reached into the waistband of his pants and pulled out a handgun. Right after Riley drew the firearm, one officer caught up to him and tackled him to the ground, causing Riley to drop his weapon. During the struggle with that officer, Riley tried to grab the gun he had dropped, but the other officer reached the scene of the struggle and pushed the pistol out of Riley's reach. Once Riley was subdued and placed under arrest, the officers searched him and found a vial containing crack cocaine.

At Riley's trial, both arresting officers testified to the events detailed above that led up to Riley's arrest. Both officers identified the firearm and the vial of crack cocaine that the government had introduced into evidence as the same firearm and vial that were in Riley's possession on the morning of his arrest. The

government introduced a stipulation by Riley that he had been convicted of a felony before the morning of his arrest.

The government also introduced into evidence three audio recordings of phone calls, which Riley had made while in jail after his arrest. The recordings contained admissions made by Riley regarding his possession of crack and a firearm on the morning of his arrest. The government authenticated the calls using the testimony of an employee of the jail familiar with the telephone recording system and the testimony of a federal agent who had taken Riley into federal custody. The federal agent positively identified Riley's voice in the telephone recordings based on an hour-long conversation he had in the car with Riley while transporting him from the local jail to a federal detention facility and a conversation between the two that took place at Riley's initial court appearance.

After the government rested, Riley orally moved for a mistrial based on the federal agent's testimony about his conversation with Riley at Riley's initial appearance. Riley' attorney argued that the agent's testimony had placed her in the position of being both Riley's attorney and a material witness because of facts she knew about the initial appearance. After hearing a proffer from Riley's attorney, as well as testimony from that attorney's secretary and the federal agent who had identified Riley's voice, the court denied the motion for a mistrial. The

3

district court, after listening to her proffer, also refused to allow Riley's attorney to take the stand.

The jury found Riley guilty on both counts, and a few days later Riley filed a motion for new trial, arguing error in the district court's admission of the recordings and in the court's refusal to allow his attorney to take the stand, which hindered him from fully developing his defense. The district court denied that motion.

Due to Riley's extensive criminal history, his guidelines range for the felon-in-possession count, which neither party objected to at the sentence hearing, was 262 to 327 months imprisonment. At the hearing, the district court imposed a total sentence of 262 months — concurrent sentences of 262 months for the felon-in-possession count and 36 months for the narcotics possession count. After imposing the sentence the court observed that "the guidelines are advisory" and found, after considering "all of the factors identified in [18 U.S.C. § 3553(a)]," that "the sentence imposed is sufficient but not greater than necessary." The court explained that a guidelines range sentence was warranted because of Riley's extensive criminal history, which had increased in severity over the course of his criminal career. Because of Riley's mental health issues, however, the court found

that a bottom-of-the-guidelines-range sentence was appropriate. Riley timely appealed from his conviction and sentences.

## II.

Riley contends that the district court abused its discretion in denying his motion for a new trial because the district court admitted the recordings without proper authentication and erroneously excluded impeachment testimony by preventing his attorney from taking the witness stand.

We review a district court's denial of a motion for a new trial only for an abuse of discretion. United States v. Vallejo, 297 F.3d 1154, 1163 (11th Cir. 2002). On a defendant's motion, the district court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A district court may grant a new trial based on an error in admitting statements only if "a significant possibility . . . exist[s] that, considering the other evidence presented by both the prosecution and the defense, the statement[s] had a substantial impact upon the verdict of the jury." United States v. Arbolaez, 450 F.3d 1283, 1290 (11th Cir. 2006) (quotation marks and alterations omitted). In other words, "[e]videntiary . . . errors do not constitute grounds for reversal unless there is a reasonable likelihood that they affected the defendant's substantial

5

rights; where an error had no substantial influence on the outcome, and sufficient evidence uninfected by error supports the verdict, reversal is not warranted." Id.

Both of Riley's alleged errors focus on the admission of the recorded phone calls and his inability to fully challenge the credibility of the federal agent who authenticated Riley's voice on those recordings. But even if we assume that admission of the recordings and the refusal to allow the jury to hear the testimony of Riley's attorney were in error, Riley fails to show that the errors had "a substantial impact on the verdict of the jury." The two law enforcement officers who chased, wrestled with, and arrested Riley both testified that Riley had a firearm at the time of arrest, that they found a vial of crack cocaine in his pocket after the arrest, and that the gun and the vial that the government introduced as evidence at trial were the same ones in Riley's possession on the morning of his arrest. That testimony would not have been called into doubt by any of the testimony proffered by Riley's attorney or her secretary regarding the federal agent and Riley's initial appearance. There was ample unchallenged evidence for the jury to find Riley guilty beyond a reasonable doubt, making the alleged evidentiary errors harmless. Accordingly, the district court did not abuse its discretion in denying Riley a new trial.

III.

Riley also contends that his sentence is procedurally and substantively unreasonable. He argues that the district court's explanation of his sentence was inadequate, rendering the sentence procedurally unreasonable. Riley also argues that his sentence was substantively unreasonable because the statutory minimum for his convictions — 180 months imprisonment — would have been adequate to deter him and protect the public from future harm.

We review the reasonableness of a sentence only for an abuse of discretion, and we use a two step process. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). First, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 597 (2007). When the district court "listen[s] to the evidence and arguments and [is] aware of the various factors [a] defendant put forward for a lesser sentence" while stating it has considered the § 3553(a) factors, it does not procedurally err by failing to give a detailed explanation of the sentence. United States v. Irey, 612 F.3d 1160, 1194–95 (11th Cir. 2010) (en banc).

If we find the sentence to be procedurally sound, the second step is to review the sentence's substantive reasonableness, considering "the totality of the facts and circumstances." See Irey, 612 F.3d at 1189. "[O]rdinarily we . . . expect a sentence within the Guidelines range to be reasonable." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). We will vacate a sentence for substantive unreasonableness "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Irey, 612 F.3d at 1190 (quotation marks omitted). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." Tome, 611 F.3d at 1378.

The district court's explanation for Riley's sentence was adequate. The court stated that it had considered the § 3553(a) factors and the advisory guidelines range, and the court acknowledged Riley's arguments for a lesser sentence. Additionally, in determining Riley's sentence, the court explained in detail why it thought a sentence within the guidelines range was warranted and why it found a sentence at the bottom of that range appropriate. In doing so, the court considered both Riley's extensive criminal history and his mitigating mental

health problems.  Accordingly, Riley has not shown that his sentence was procedurally unreasonable.

His sentence was also substantively reasonable.  The district court expressed concern about Riley's extensive criminal history, but it also found that his mental health issues allowed for some mitigation of his sentence.  Given the district court's careful balancing of those factors, Riley has not left us with a definite and firm conviction that the court committed a clear error of judgment by imposing a bottom-of-the-guidelines-range sentence instead of a below-the-guidelines-range sentence under the facts of this case.[1]

**AFFIRMED.**

---

[1] Riley also contends that his sentence should be vacated because the district court did not personally address him and offer him the opportunity to allocute.  At the sentence hearing, however, Riley's attorney informed the district court that she had advised Riley to remain silent during the hearing.  The district court explicitly acknowledged that during the hearing, stating that the "parties have made statements in their behalf or have waived the opportunity to do so" to which neither Riley nor his attorney objected.  Because Riley invited any error regarding any denial of his right to allocute, there is no reversible error.  United States v. Love, 449 F.3d 1154, 1157 (11th Cir. 2006).