[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12233
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cr-20181-FAM-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 15, 2011
JOHN LEY
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE E. ALVAREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 15, 2011)

Before MARCUS, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Jose Alvarez appeals his conviction and sentence of 24 months of

imprisonment for failing to appear at a sentencing hearing.  18 U.S.C.

§ 3146(a)(1). Alvarez challenges, for the first time, the validity of his guilty plea and the procedural reasonableness of his sentence. We affirm.

Alvarez is barred from challenging a plea of guilty that he "invited" the district court repeatedly to accept. See United States v. Love, 449 F.3d 1154, 1157 (11th Cir. 2006). Although Alvarez wavered about whether he fled the United States to escape the harms allegedly threatened by his codefendants or to avoid sentencing for his crime of wire fraud, Alvarez never wavered in his decision to plead guilty for failing to appear. Alvarez stated that he wanted to plead guilty five times in response to being told that he had to forfeit his right to trial and his defense of duress; he would be deported; his sentence would run consecutive to the time imposed for his fraud crime; he faced a possible sentence of 10 years of imprisonment; and he was going "to do more [time] for fleeing than if he hadn't fled." See Fed. R. Crim. P. 11. Alvarez reaffirmed his decision a sixth time after he agreed to the factual basis proffered by the prosecutor. And Alvarez never moved the district court to permit him to withdraw his plea. Alvarez cannot petition the district court to accept a plea of guilty and then protest its validity on appeal.

Alvarez's sentence is procedurally reasonable. Alvarez complains that the district court failed to consider whether he fled the United States under duress, but

2

Alvarez waived that defense by pleading guilty. Moreover, "we cannot say . . . that the [district] court . . . erroneously 'ignored' or failed to consider . . . [mitigating] evidence . . . ," <u>United States v. Amedeo</u>, 487 F.3d 823, 833 (11th Cir. 2007), that was not brought to its attention. At sentencing, Alvarez argued only that he "deserve[d] some credit" for returning to the United States voluntarily, which the district court reasonably rejected because Alvarez eluded federal agents for more than two years.

We **AFFIRM** Alvarez's sentence.