PER CURIAM:
Appellant Christopher Love appeals from his sentence imposed after pleading guilty to one count of contempt, in violation of 18 U.S.C. § 401(3). The district court sentenced Love to 45 days’ incarceration followed by five years’ supervised release. Contrary to his representations *1155 before the district court and for the first time on appeal, Love argues the district court exceeded its authority when it imposed the term of supervised release. We conclude the error, if any, was invited and affirm.
I. BACKGROUND
On April 3, 2000, the Federal Trade Commission (FTC) filed a lawsuit in the United States District Court for the Southern District of Florida against Federal Data Service, Inc. (FDS) and others, alleging violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, which prohibits “unfair or deceptive acts or practices in or affecting commerce.” On April 11, 2000, the district court issued an ex parte temporary restraining order (TRO) enjoining the defendants “and their successors, assigns, officers, agents, servants, employees, and those other persons in active concert or participation with them who receive actual notice” from making misrepresentations in telemarketing goods and services relating to employment opportunities with the federal government.[1] Love, a manager for FDS, was present when the FTC served the TRO and received actual notice of the TRO and its provisions at that time. On May 3, 2000, while the TRO was in effect, Love and another person formed a new corporation and proceeded to violate the TRO.
On September 16, 2004, the Government filed a one count information charging Love with knowingly and willfully violating the TRO, in violation of 18 U.S.C. § 401 (3).[2] Love entered into a plea agreement with the Government and pled guilty to the offense. In the plea agreement, Love acknowledged the district court could “order a term of supervised release of up to five years” in addition to a term of imprisonment. At his plea colloquy, Love again said he understood his sentence might include a term of supervised release of up to five years.
At sentencing, Love objected to the portion of the Presentence Investigation Report (PSI) stating he was ineligible for probation because contempt is a Class A felony. See 18 U.S.C. § 3561(a)(1) (providing for probation unless the offense is a Class A felony). He did not object, however, to the PSPs determination that the court could impose a term of supervised release of up to five years. The district court continued the sentencing hearing and directed the parties to brief whether probation was available.
When the sentencing hearing resumed, the court ruled Love’s offense was a Class A felony and, therefore, Love was ineligible for probation. Love’s counsel then repeatedly requested the court impose a sentence of time served followed by a term of supervised release. The court sentenced Love to 45 days’ incarceration fol *1156 lowed by five years of supervised release.[3] Love does not challenge the district court’s ruling regarding his ineligibility for probation. Instead, he claims the district court erred in imposing the term of supervised release.
II. DISCUSSION
Love first argues the court may not impose any term of supervised release for a violation of § 401. He points out § 401 itself does not authorize supervised release; rather, the statute provides the court may punish contempt by “fine or imprisonment, or both.” Although he acknowledges 18 U.S.C. § 3583 authorizes supervised release for most offenses,[4] he contends the statute is inapplicable to criminal contempt because it mentions only felonies and misdemeanors, and contempt is an offense mi generis, neither felony nor misdemeanor. See Cheff v. Schnackenberg, 384 U.S. 373, 380, 86 S.Ct. 1523, 1526, 16 L.Ed.2d 629 (1966) (noting contempt is an offense sui generis); see also United States v. Holmes, 822 F.2d 481, 493-94 (5th Cir.1987) (holding a statute authorizing fines for felonies or misdemeanors was inapplicable to criminal contempt because contempt is neither a felony nor a misdemeanor).
Alternatively, Love argues the maximum term of supervised release he could receive is one year. He contends that if contempt can be classified as a felony or a misdemeanor pursuant to the offense classification scheme set forth in 18 U.S.C. § 3559(a),[5] it is in his case a misdemeanor, in light of either the applicable Guidelines range, see United States v. Carpenter, 91 F.3d 1282, 1285 (9th Cir.1996) (holding “contempt should be classified for sentencing purposes according to the applicable Guidelines range for the most nearly analogous offense”), or the actual term of incarceration he received, see Cheff, 384 U.S. at 380, 86 S.Ct. at 1526 (classifying contempt for purposes of the Sixth Amendment according to the length of incarceration imposed). He submits we should decline to read § 3559(a)(1) as automatically classifying every instance of contempt a Class A felony simply because, in the absence of an express statutory maximum term of imprisonment in § 401, the theoretical maximum term is life in prison. See Carpenter, 91 F.3d at 1284 (rejecting the contention “all criminal con-tempts should be treated as Class A felonies”). According to Love’s alternative argument, his sentence could include a maximum of only one year of supervised release under § 3583(b)(3).[6]
*1157 We do not reach the merits of Love’s arguments because we conclude Love induced or invited the ruling he now claims was error. “It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party.” United States v. Ross, 131 F.3d 970, 988 (11th Cir.1997) (quotations omitted). “The doctrine of invited error is implicated when a party induces or invites the district court into making an error.” United States v. Stone, 139 F.3d 822, 838 (11th Cir.1998). “Where invited error exists, it precludes a court from invoking the plain error rule and reversing.” United States v. Silvestri, 409 F.3d 1311, 1327 (11th Cir.2005) (quotations omitted).
Love induced or invited the district court to impose a sentence that included a term of supervised release. In his plea agreement and again at the plea colloquy, he expressly acknowledged the court could impose a term of supervised release of up to five years. At his sentencing, he did not object to a sentence including supervised release. To the contrary, Love’s counsel repeatedly requested that in lieu of additional jail time the court sentence Love to time served followed by supervised release, and even suggested the court impose a term of two years’ supervised release.[7] Thus, Love is precluded from claiming the court erred in sentencing him to a term of five years’ supervised release. Id.
[COUNSEL]: Your Honor, let me just — I heard the Court say that the — that it either has to be a fine or a jail sentence. I was — I was wondering whether supervised release is an option here....
And I — And I was hoping that maybe the Court could sentence him to time served followed by supervised release, or structure a sentence that way....
THE COURT: So you are suggesting a term of imprisonment of time served. [COUNSEL]: Followed by supervised release with a special condition of six months home confinement or whatever the judge thinks is reasonable under the facts and circumstances of the case.
[COUNSEL]: So I’m asking that in light of what we recommended previously that he be sentenced to some term of supervision. Whether we call it probation or supervised release....
AFFIRMED.

. The FTC alleged the defendants placed classified ads in newspapers around the country, falsely claiming U.S. Postal Service positions and federal wildlife service jobs were available locally and misrepresenting the starting salaries for these positions. When customers called the toll-free number for more information, the defendants told them that for a fee they could receive a list of available postal service or wildlife service jobs, as well as exam information and preparation materials. The defendants falsely told customers they were likely to obtain a job if they purchased the materials and that the fee was refundable if they were unsuccessful.

. 18 U.S.C. § 401 reads, in relevant part:
A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as ... (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

. The court calculated an advisory Sentencing Guidelines range of six to twelve months' incarceration, based on a total offense level of 10 and a criminal histoiy category of I. See U.S.S.G. § 2J1.2 (2000) (setting forth Guidelines for obstruction of justice).

. 18 U.S.C. § 3583(a) reads, in pertinent part: "The court, in imposing a sentence to a term of imprisonment for a felony or a misdemean- or, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment. ...”

. 18 U.S.C. § 3559(a) reads, in pertinent part: An offense that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is—
(1) life imprisonment, or if the maximum penalty is death, as a Class A felony;
(6) one year or less but more than six months, as a Class A misdemeanor;
(7) six months or less but more than thirty days, as a Class B misdemeanor....

.18 U.S.C. § 3583(b) provides, in relevant part:
Except as otherwise provided, the authorized terms of supervised release are—
(1) for a Class A or B felony, not more than five years;
*1157 (3) for a Class E felony, or for a misdemeanor (other than a petty offense), not more than one year.

. We count at least five instances during sentencing where Love’s counsel requested supervised release: