[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

-----------------------------------------

No. 05-15278
Non-Argument Calendar

-----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 09, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-00040-CR-T-23-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID PORTUGAL CRUZ,

Defendant-Appellant.

---------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

---------------------------------------------

**(May 9, 2007)**

Before EDMONDSON, Chief Judge, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Defendant-Appellant David Portugal Cruz appeals his sentence of 188

months' imprisonment for drug trafficking offenses, in violation of 21 U.S.C. §

960(b)(1)(B) and 46 App. U.S.C. § 1903(a)(g). No reversible error has been shown; we affirm.

Cruz takes issue with the district court's failure to state on the record the court's analysis attending application of the section 3553(a) factors, 18 U.S.C. § 3553(a), in fashioning his sentence. Cruz argues that the sentence imposed was unreasonable because the district court failed to address those factors; and Cruz cites particularly, the district court's failure to discuss section 3553(a)(6), which requires consideration of "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. 3553(a)(6).[1]

The 188-month sentence imposed by the district court was at the low end of the advisory sentencing guidelines range of 188 to 235 months' imprisonment. Cruz suggests no error in the guidelines range calculation. See United States v.

---

[1] We understand Cruz to be challenging the procedural reasonableness of his sentence. As we have noted, post-Booker, United States v. Booker, 125 S.Ct. 738 (2005), "a sentence may be reviewed for procedural or substantive unreasonableness. A sentence may be unreasonable if it is the product of a procedure that does not follow Booker's requirements, regardless of the actual sentence." United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). With the exception of a brief reference to the government's statement at sentencing that the proposed sentence was "healthy" and "greater than the other defendants in the case," Cruz's brief includes no discussion of the section 3553(a) factors in support of a substantive reasonableness challenge. Even if we were to assume, *arguendo*, that section 3553(a)(6) addresses unwarranted sentencing disparities among codefendants, a mere reference to lighter sentences imposed upon codefendants fails to raise an issue of **unwarranted** sentencing disparity.

2

Crawford, 407 F.3d 1175, 1178-79 (11th Cir. 2005) (post-Booker, sentencing court must first calculate the guideline range correctly and then determine a reasonable sentence). At sentencing, Cruz declined expressly to object to the guidelines range calculation; he suggests no error in the calculation on appeal. Again at sentencing, the district court offered Cruz's counsel the opportunity to bring to the court's attention any matter in mitigation of the guideline range; the opportunity was declined expressly. And when asked directly whether Cruz had additional matters that should be considered by the court in fashioning a reasonable sentence under 18 U.S.C. § 3553, Cruz's counsel responded that Cruz did not and asserted that Cruz sought a sentence at the bottom end of the guideline range.

The government argues that Cruz is entitled to no review of the sentence imposed because error -- if error could be shown -- was invited by Cruz's specific request that a sentence at the low end of the guidelines be imposed. Because Cruz disclaimed objection to the sentence calculation, maintained that no mitigation was warranted under the section 3553(a) factors, received the sentence he requested, and offered no objection to the sentence or the manner in which it was announced when objection was solicited, the government argues that review is barred by the doctrine of invited error.

"[I]t is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party. The doctrine of invited error is implicated when a party induces or invites the district court into making an error. Where invited error exists, it precludes a court from invoking the plain error rule and reversing." United States v. Silvestri, 409 F.3d 1311, 1327 (11th Cir. 2005) (internal quotations and citations omitted). The claimed error Cruz seeks to raise on appeal -- that the district court failed to state at the sentencing hearing its analysis of the section 3553(a) factors and, particularly, section 3553(a)(6) -- is barred by the principle of invited error. See United States v. Love, 449 F.3d 1154, 1157 (11th Cir. 2006) (concluding that defendant who requested term of supervised release at sentencing was precluded from claiming on appeal that court erred in imposing supervised release.).[2]

AFFIRMED.

---

[2]We note that the district court acknowledged that its formulation of a reasonable sentence was informed by the sentencing guidelines and the section 3553(a) factors, in the light of Booker. The district court also stated its belief that the sentence was in accord with the statutory purposes of sentencing, including section 3553 and policy statements and guidelines issued by the United States Sentencing Commission. A district court is under no obligation to state on the record that it has considered each individual factor and need not discuss each factor. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). So even absent preclusion of review under the invited error doctrine, Defendant is due no relief: the record supports no claim of procedural unreasonableness.