[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-17260
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 15, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00233-CR-4-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FLEMING M. DANIELS,
a.k.a. Paul Jackson,
a.k.a. Curtis Brown,
a.k.a. Shameer Moore,
a.k.a. Ill,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 15, 2009)

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Fleming Daniels appeals his conviction and sentence of 240 months of imprisonment for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 846. Daniels challenges the admission of evidence that he failed to file tax returns; the validity of a prior conviction; and the reasonableness of his sentence. We affirm.

## I. BACKGROUND

During an investigation of the Black Mafia family, a national organization that distributed large quantities of cocaine from Atlanta, Detroit, Orlando, and Los Angeles, federal agents learned that Daniels was a high-ranking member of the organization. Information provided by members and customers established that Daniels was often present at the Atlanta storehouse where drugs and money were exchanged and had sold kilogram bricks of cocaine to at least one third party. Daniels was indicted for two crimes: conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 846, and possession with intent to distribute 500 grams or more of a mixture and substance containing cocaine, id. §§ 841(a)(1), 841(b)(1)(B)(ii).

Before trial, the government filed an information requesting that the district court enhance Daniels's sentence with his 1990 conviction in a Georgia court for

2

possession with intent to distribute cocaine.  21 U.S.C. § 851(a).  The government

attached to the notice certified copies of Daniels's indictment, an order of

judgment, and a petition for revocation of probation.  The indictment stated that,

on June 30, 1990, Daniels possessed cocaine with intent to distribute the illegal

substance.  The judgment stated that Daniels pleaded guilty and he had entered a

pre-trial diversionary program in which he was adjudicated as a first offender and

received a probated sentence.  See Ga. Code Ann.  42-8-60.  The petition stated

that Daniels violated his probation in 1993 when he was convicted for a violation

of the Georgia Controlled Substance Act, but the petition did not state whether the

state court revoked Daniels's probation.

At trial, the government introduced evidence about Daniels's role in the

Black Mafia Family and the changes to his lifestyle during the conspiracy.

Witnesses testified that Daniels used cash to purchase expensive luxury items and

flaunted his wealth with flamboyant jewelry.  Daniels countered with evidence that

he provided security for an entertainment group named the Black Mafia Family,

developed and cultivated relationships with individuals in the rap music industry,

and acquired wealth as a music producer.

To refute Daniels's argument that he had a legitimate source of income, the

government moved to introduce evidence about Daniels's failure to file tax returns

during the term of the conspiracy. Daniels objected on ground that the evidence was more prejudicial than probative. The district court overruled Daniels's objection and admitted the evidence. Investigator Gloria Jackson of the Internal Revenue Service testified that Daniels failed to file tax returns between years 2000 and 2007.

The jury convicted Daniels of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 846. The jury was unable to reach a verdict on the charge of possession with intent to distribute 500 grams or more of a mixture and substance containing cocaine, id. §§ 841(a)(1), 841(b)(1)(B)(ii), and the district court declared a mistrial on the charge.

The presentence investigation report provided a base offense level of 36, United States Sentencing Guidelines § 2D1.1(c)(2), and increased that level by two points because Daniels possessed a weapon, id. § 2D1.1(b)(1). The report stated that Daniels was 16 years old when he was adjudicated under Georgia law as a first offender. With a criminal history of IV, the report listed a sentencing range between 324 and 405 months of imprisonment. The report provided that Daniels faced a mandatory minimum sentence of 20 years of imprisonment.

Daniels objected to the report and challenged the enhancement of his sentence on two grounds. First, Daniels argued that the Georgia court lacked

4

jurisdiction to adjudicate him a first offender because he was a juvenile at the time of his offense.  Second, Daniels argued that the notice provided by the government was invalid because it stated incorrectly that he was adjudicated guilty in 1990 when instead he proceeded under a pre-trial diversionary program.

The government responded that Daniels could not challenge the prior conviction because it was more than five years old, see 21 U.S.C. § 851(e), and the district court agreed with the government.  The court found that "the language of section 851 is pretty clear[,]" and the court ruled that "there was nothing [it] [could] do about [the] enhancement notice which does impose a 20-year mandatory minimum on him."

The government requested the district court impose a sentence at the low end of the sentencing range, and Daniels asked the district court to impose the mandatory minimum sentence.  Counsel for Daniels acknowledged that the "hands [of the district court] [were] tied to 20 years, at 20 years, . . . guess[ed] that's as good as it can get for Mr. Daniels unfortunately at this point," and stated "that is what the court should consider is a reasonable sentence."  The district court sentenced Daniels to 240 months of imprisonment.

## II. STANDARDS OF REVIEW

We review evidentiary rulings for an abuse of discretion.  United States v.

<u>Docampo</u>, 573 F.3d 1091, 1096 (11th Cir. 2009).  We review <u>de novo</u> the enhancement of a sentence.  <u>United States v. McLean</u>, 138 F.3d 1398, 1406 (11th Cir. 1998).  We will not review an alleged error invited by the complaining party. <u>United States v. Love</u>, 449 F.3d 1154, 1157 (11th Cir. 2006).

### III. DISCUSSION

Daniels presents three arguments on appeal.  First, Daniels argues that the evidence of his failure to file tax returns was not relevant and unduly prejudicial. Second, Daniels argues that his sentence was improperly enhanced with his prior state conviction.  Third, Daniels argues that his sentence is unreasonable.  These arguments fail.

The district court did not abuse its broad discretion by admitting testimony about Daniels's failure to file tax returns.  Evidence that Daniels had failed to file tax returns during the time of the conspiracy was relevant to determine whether his monies were derived from a legitimate or illegitimate source.  Daniels argued that he became wealthy lawfully in the music industry, but his failure to file tax returns undermined the credibility of that argument.

The district court did not err when it enhanced Daniels's sentence with his prior conviction.  Daniels was barred from "challeng[ing] the validity of any prior conviction . . . which occurred more than five years before the date of the

6

information alleging such prior conviction." 21 U.S.C. § 851(e). The government provided Daniels adequate notice of this enhancement by serving him with an information that mentioned facts relevant to the prior conviction accompanied by records about the prior judgment.

Daniels is barred from challenging the reasonableness of his sentence. Daniels urged the district court to impose a sentence of twenty years and stated that the term was a "reasonable sentence." Any error was invited by Daniels. Love, 449 F.3d at 1157. Alternatively, the district court did not err by sentencing Daniels to a mandatory minimum sentence.

## IV. CONCLUSION

Daniels's conviction and sentence are **AFFIRMED**.