[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 15, 2011
JOHN LEY
CLERK

No. 10-14150
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cr-00135-TWT-LTW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARLOS ESTRADA-FLORES,
a.k.a. Javier Garcia Flores,
a.k.a. Arturo Vega-Garcia,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 15, 2011)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Carlos Estrada-Flores appeals his 46-month sentence for illegally reentering

the United States after having been deported, 8 U.S.C. § 1326(a) and (b)(2). No reversible error has been shown; we affirm.

On appeal, Estrada-Flores argues that his sentence -- imposed at the low end of his guidelines range of 46 to 57 months' imprisonment -- is substantively unreasonable because it was greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a). We decline to reach the merits of this argument because Estrada-Flores invited the ruling he now alleges was error.

"It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." United States v. Love, 449 F.3d 1154, 1157 (11th Cir. 2006). Thus, an alleged error cannot serve as grounds for reversal if the appealing party "induces or invites the district court into making [the alleged] error." Id. At his sentencing hearing, Estrada-Flores twice requested that the court sentence him to a term of 46-months' imprisonment. He is now precluded from challenging the very act that he asked the district court to undertake.

AFFIRMED.