[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15274
Non-Argument Calendar
_____

D. C. Docket No. 1:10-cr-00234-JOF-JFK-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 23, 2012
JOHN LEY
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUVENTINO CHAVEZ-ROMERO,
a.k.a. Juventino Chavez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 23, 2012)

Before EDMONDSON, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Juventino Chavez-Romero appeals his 57-month sentence after pleading guilty to illegally reentering the United States after having been deported, 8 U.S.C. § 1326(a) and (b)(2). No reversible error has been shown; we affirm. The sentence was a reasonable one.

On appeal, Chavez-Romero argues that his sentence -- imposed below the guidelines range of 63 to 78 months' imprisonment -- is substantively unreasonable because it was greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). We disagree.

In addition, "[i]t is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." United States v. Love, 449 F.3d 1154, 1157 (11th Cir. 2006). Thus, an alleged error cannot serve as grounds for reversal if the appealing party "induces or invites the district court into making [the alleged] error." Id.

Chavez-Romero concedes that the district court assigned him properly a criminal history category of IV. At his sentencing hearing, however, he argued that, because four of his seven criminal history points were for driving offenses, the district court should depart downward and sentence him based on a criminal history category of II. He requested specifically a sentence with the Category II guideline range of 46 to 57 months' imprisonment. He got a 57-month Category II

sentence. Because the district court granted Chavez-Romero's request for a downward departure and sentenced him within the range he requested, Chavez-Romero is now precluded from challenging the very act that he asked the district court to undertake. Furthermore, the sentence is reasonable given all the circumstances.

AFFIRMED.