[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2012
JOHN LEY
CLERK

No. 11-13124
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-20870-FAM-2


UNITED STATES OF AMERICA,

                                                  Plaintiff - Appellee,

versus

SADONNA WALLACE,
JAMES ROGERS,

                                                  Defendants- Appellants.


_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(May 17, 2012)

Before MARCUS, WILSON, and BLACK, Circuit Judges.

PER CURIAM:

Sadonna Wallace and James Rogers appeal the sentences imposed for their convictions on one count of conspiracy to traffic in or use unauthorized access devices, in violation of 18 U.S.C. § 1029(b)(2), and one count of use of one or more unauthorized access devices with intent to defraud, in violation of 18 U.S.C. § 1029(a)(2). Both Wallace and Rogers were sentenced to 16 months imprisonment and ordered to jointly pay a total restitution amount of $16,187.75 to the IRS. On appeal, they challenge the district court's finding that the IRS is the proper restitution payee and the district court's failure to set the terms of payment for restitution. In addition, Rogers challenges the district court's decision to not apply a two-level reduction for acceptance of responsibility. After review, we vacate the orders of restitution and otherwise affirm Rogers's sentence.

The district court ordered that Wallace and Rogers pay restitution to the IRS in the total amount of $16,187.75. Both appellants and the Government argue that designation of the IRS as victim was error, and we agree. There is no evidence in the record to suggest that the IRS suffered loss. The Government acknowledges that it mistakenly identified the IRS as a potential victim during the sentencing hearing, which gave rise to this error. Accordingly, we vacate the restitution orders and remand so the district court may identify the correct victims, properly

allocate restitution amounts to each victim, and specify the restitution schedule consistent with 18 U.S.C. § 3572(d).[*]

Regarding the district court's determination that Rogers was not entitled to a sentence reduction for acceptance of responsibility, we find that he invited any error by stating at sentencing that he must "face the consequences that he does not get acceptance of responsibility." By acknowledging that he was not entitled to a reduction for acceptance of responsibility, Rogers invited the district court to reject that argument and cannot now claim error. *See United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (per curiam) (holding that the defendant invited any error regarding the length of his supervised release when he "expressly acknowledged" that the court could impose a term of up to five years).

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**

---

[*] Because we vacate the restitution orders on the ground that the district court incorrectly designated the IRS as a victim, we need not discuss the issue of the restitution payment schedule.