[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13541
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20652-PAS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MURPHY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 6, 2013)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Jose Murphy appeals his 110-month sentence, imposed after

pleading guilty to one count of carjacking, in violation of 18 U.S.C. § 2119(1).  On

appeal, Murphy argues that the district court plainly erred by applying to his sentence a six-level enhancement for use of a firearm, pursuant to U.S.S.G. § 2B3.1(b)(2(B), because the BB gun he contended that he used during the commission of the carjacking does not meet the Guidelines definition of a firearm. At sentencing, Murphy admitted that he used a BB gun during the carjacking offense, and expressly withdrew his original objection to the enhancement.

We typically review *de novo* the district court's application and interpretation of the sentencing guidelines and reviews its factual findings for clear error. *United States v. Wilks*, 464 F.3d 1240, 1242 (11th Cir. 2006). "Facts contained in a PSI are undisputed and deemed to have been admitted unless a party objects to them before the sentencing court with specificity and clarity." *United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009) (internal quotation marks omitted). The invited-error doctrine "is implicated when a party induces or invites the district court into making an error," and "a party may not challenge as error a ruling or other trial proceeding invited by that party." *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (internal quotation marks omitted). Where the invited-error doctrine applies, "it precludes a court from invoking the plain error rule and reversing." *Id*. (internal quotation marks omitted).

Because our review of the record persuades us that Murphy invited the error of which he complains by withdrawing his original objection to the firearm

2

enhancement and stating that he was not objecting to the enhancement because he had a firearm during the carjacking, we affirm his sentence.[1]

**AFFIRMED.**

---

[1] Even if we concluded that the invited error doctrine did not apply, we would still hold that the district court did not plainly err in applying the enhancement.