[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14307
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00335-CAP-CCH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES SMITH, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 8, 2013)

Before CARNES, BARKETT and FAY, Circuit Judges.

PER CURIAM:

James Smith, Jr. appeals the district court's order requiring him to pay

restitution in the amount of $237,363, after he pled guilty to conspiracy to commit

wire fraud and bank fraud, 18 U.S.C. § 1349.  For the reasons set forth below, we

affirm the court's restitution order, but remand for the purpose of correcting a clerical error in the judgment.

## I.

At Smith's restitution hearing, the government asserted that there were three different victims of Smith's offense: (1) Wells Fargo Bank, (2) U.S. Bank, and (3) BSI Financial.  Further, the victims' losses concerned four different properties.  One of the properties, at "9466 Flowery Trail," was purchased in 2006 by a borrower, who obtained a mortgage from Wells Fargo Bank for the full amount of the property's price.  To obtain the mortgage, the borrower submitted false documents prepared by Smith.  The government asserted that the total loss for all four properties was approximately $600,000, as set out in a spreadsheet.  The government further asserted that its calculations did not take into account the downturn in the real estate market, and thus, the question was whether that should be a factor in determining restitution.  Smith asserted that the court should decrease the total loss amount by 60 percent to account for a downturn in the real estate market.

The court determined that Smith owed restitution in the amounts of $159,573 as to Wells Fargo Bank, $29,374 at to U.S. Bank, and $48,416 as to BSI Financial.  The court noted that Smith had suggested a 60 percent decrease in the

total loss amount, and it indicated that it had used that percentage in calculating the loss amounts. The court ordered restitution in the total amount of $237,363.

## II.

On appeal, Smith argues that the district court erred when it ordered restitution to banks whose losses were not proximately caused by his conduct. Smith argues that his creation of fraudulent documents to allow borrowers to purchase properties did not proximately cause the banks to foreclose on the relevant properties. Rather, the circumstances of the borrowers' lives caused the foreclosures. Smith contends that the record is incomplete with respect to each of the properties that formed the basis of the restitution order. However, he asserts that, with respect to the "9466 Flowery Trail" property, payments were evidently made on the property, as the loan balance went down from the original amount. Further, the property was not foreclosed on until six years after the loan was extended, such that the foreclosure was too remote to be considered proximately caused by Smith. He asserts that the facts relevant to the "9466 Flowery Trail" property also are true with respect to the other properties.

We review *de novo* the legality of an order of restitution and the related findings of fact for clear error. *United States v. Hasson*, 333 F.3d 1264, 1275 (11th Cir. 2003); *see United States v. Robertson*, 493 F.3d 1322, 1334 (11th Cir. 2007) (providing that we review the question of proximate cause with respect to

3

restitution for clear error). However, where a defendant fails to object to an error before the district court, we review for plain error. *See United States v. Castro*, 455 F.3d 1249, 1251 (11th Cir. 2006).

A party may not challenge as error a court's ruling if such error was invited by that party. *United States v. Baker*, 432 F.3d 1189, 1216 (11th Cir. 2005). The doctrine of invited error applies when a party induces or invites the district court into making an error. *Id*. Where invited error exists, we are precluded from invoking the plain error rule and reversing. *See United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (providing that the defendant had invited the court's alleged error in imposing supervised release because he acknowledged at sentencing that the court could impose a term of supervised release).

A district court's authority to order restitution is conferred by statute. *See United States v. Brown*, 665 F.3d 1239, 1252 (11th Cir. 2011). In this case, that authority is found in the Mandatory Victim Restitution Act ("MVRA"), which requires the district court to order restitution if the defendant is convicted of an offense in which an identifiable victim or victims has suffered a pecuniary loss. 18 U.S.C. § 3663A(a)(1), (c)(1)(B); *Brown*, 665 F.3d at 1252. To be a "victim" under the MVRA, the entity must have suffered a harm that "directly and proximately" results from the commission of the defendant's offense. *Robertson*, 493 F.3d at 1334 (quotations omitted). To make this showing, the government must show that

4

a particular loss would not have occurred but for the conduct underlying the offense of conviction and that the causal connection between the conduct and the loss is not too attenuated, either factually or temporally, as to become unreasonable. *Id.* "A defendant's conduct need not be the sole cause of the loss, but any subsequent action that contributes to the loss, such as an intervening cause, must be directly related to the defendant's conduct." *Id.* (quotation omitted).

Here, Smith argues that the record is not complete with respect to each of the properties that formed the basis of the restitution order. However, the government offered to have a witness provide testimony concerning the losses set forth in a spreadsheet, but Smith stated that such testimony was unnecessary. Thus, to the extent that Smith argues that the court erred in ordering restitution based on the record before it, he invited any such error. *See Baker*, 432 F.3d at 1216.

Further, Smith has not shown error, let alone plain error, with respect to the court's order of restitution. The record shows that Smith misrepresented information concerning the borrowers' lives in the false documents, and his actions resulted in the banks extending loans to the borrowers. Although individual factors, such as the borrowers' income, assets, and liabilities, may have ultimately resulted in the foreclosures on the properties, the banks did not have truthful information concerning those factors at the outset due to Smith's actions. Moreover, Smith appears to argue that the properties were foreclosed on due to the

5

borrowers' failure to pay the loan balance, rather than due to his creation of false documents, but a failure to make payments on a mortgage was exactly the foreseeable harm that Smith's actions created.  Thus, the court did not clearly err in determining that Smith's actions were the proximate cause of the bank's losses, such that the banks were considered victims under the MVRA.  *See Robertson*, 493 F.3d at 1334.  Therefore, the court did not commit error, let alone plain error, in imposing restitution with respect to the three banks.

## III.

Although we affirm Smith's restitution order, there is a clerical error in his judgment.  We may *sua sponte* raise the issue of clerical errors in the judgment and remand with instructions to correct the error.  *See United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006).  It is fundamental error for a court to enter a judgment of conviction against a defendant who has not been charged, tried, or found guilty of the crime recited in the judgment.  *Id.*  Although Smith's judgment indicates that his conviction for Count 1 was for conspiracy to commit mail fraud, Smith's conviction was actually for conspiracy to commit wire fraud and bank fraud.  Thus, we remand to the district court with instructions to amend the judgment to correct the clerical error.

For the foregoing reasons, we affirm the restitution order and remand for the purpose of correcting the judgment.

**AFFIRMED IN PART; REMANDED IN PART.**