[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10001
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00225-WS-C-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VINCENTE SANCIVERI CERVANTES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(June 14, 2013)

Before HULL, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Vincente Sanciveri Cervantes appeals his 110-month sentence for various money-laundering offenses, in violation of 18 U.S.C. § 1956.[1]  We affirm.[2]

Cervantes contends the district court miscalculated his guidelines range.  He argues his adjusted offense level should have been 23, with a corresponding guideline range of 46 to 57 months, rather than an offense level of 32 and guideline range of 121 to 151 months, as calculated by the district court.  The problem for Cervantes is that he *asked* the district court to assign an offense level of 32 and withdrew any remaining objections to the guideline applications.  Under the doctrine of "invited error," an appellate court will not vacate a sentence based on "errors" the appealing party affirmatively invited the sentencing court to make. *See United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006).  Accordingly, Cervantes's challenge to his below-the-guidelines sentence fails.[3]

**AFFIRMED.**

---

[1] Specifically, Cervantes pleaded guilty to one count of conspiracy to launder money, in violation of 18 U.S.C. § 1956(h), and twenty-two counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

[2] We review a district court's application of the Sentencing Guidelines de novo and its factual determinations for clear error. *United States v. Rhind*, 289 F.3d 690, 693 (11th Cir. 2002).

[3] For similar reasons, we also reject Cervantes's claim the district court erroneously relied on "unreliable" hearsay evidence in calculating his base offense level. *See United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009) (holding that the "failure to object to allegations of fact in a PSI admits those facts for sentencing purposes and precludes the argument that there was error in them" (internal quotation marks omitted)).