[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16165
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-20469-MGC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CELSO LOPEZ-CARRANZA,
a.k.a. Gerardo Carranza,
a.k.a. Gerrardo Gomez,
a.k.a. Cesar Lopez,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 14, 2013)

Before CARNES, Chief Judge, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Celso Lopez-Carranza appeals his 70-month sentence imposed after pleading guilty to illegal re-entry into the United States after deportation subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2).  On appeal, Lopez-Carranza argues that his sentence was unreasonable because the district court considered his need for substance abuse treatment when it imposed his sentence.

Under the doctrine of invited error, this court will not review an error that is invited or induced by a party.  *United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir. 2005).  "Where invited error exists, it precludes a court from invoking the plain error rule and reversing." *Id.*

Here, Lopez-Carranza invited any purported error at sentencing.  The record demonstrates that he specifically requested the 70-month low-end guideline sentence which he received, and that he did not object to the sentence when given an opportunity to do so at the sentencing hearing.  Hence, because Lopez-Carranza received the sentence he requested, we conclude that he is now precluded from challenging the reasonableness of that sentence.  *See United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (holding that invited-error doctrine precludes defendant from challenging sentence of supervised release where defendant

2

requested sentence of supervised release).  Accordingly, we affirm Lopez-Carranza's sentence.[1]

**AFFIRMED.**

---

[1]     Even if Lopez-Carranza had not invited the sentencing error, we conclude that his sentence was reasonable in light of the record and the § 3553(a) factors.  Although the district court discussed recuperation as a collateral benefit of incarceration for Lopez-Carranza, the court did so after finding that "the 3553 factors are reflected in the guideline range sentence."  Because we conclude that the district court did not impose the sentence to promote rehabilitation, we hold that there was no clear error.