[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14782
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00425-CEH-MAP-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS KOHLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 12, 2017)

Before WILLIAM PRYOR, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Thomas Kohler appeals his sentence of 151 months of imprisonment for conspiring to possess with intent to distribute 500 grams or more of methamphetamine. 21 U.S.C. § 841(a), (b)(1)(A)(viii). Kohler challenges the finding that he was responsible for more than 1.5 kilograms of methamphetamine ice, which is defined as a mixture containing methamphetamine of at least 80 percent purity, United States Sentencing Guidelines Manual § 2D1.1 n.(C) to Drug Quantity Table (2015). Kohler also argues that his sentence is substantively unreasonable. We affirm.

The government argues that Kohler invited any error in the calculation of the quantity of drugs involved in his offense, but we disagree. A party invites error by inducing or agreeing to a decision that it later challenges as error. *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006). Kohler acknowledged that the government correctly appraised the street value of methamphetamine ice, but he contested determining the quantity of the drug based on its price.

The district court did not clearly err in attributing to Kohler more than 1.5 kilograms of methamphetamine ice. Kohler delivered to a known coconspirator a backpack containing a lunchbox filled with $45,000 in cash. The district court reasonably inferred that the cash constituted drug proceeds based on Kohler's role as a courier and a telephone conversation recorded by the jail in which the manager of the conspiracy, Isaias Villa, discussed the contents of the backpack with Kohler.

2

*See United States v. Chavez*, 584 F.3d 1354, 1366–67 (11th Cir. 2009). And Kohler did not object during sentencing when a witness for the government referred to the cash as drug proceeds. *See United States v. Wise*, 881 F.2d 970, 973 (11th Cir. 1989). Based on the undisputed conversion value of $20,000 per kilogram, the district court was entitled to find that the drug proceeds represented the sale of about 2 kilograms of methamphetamine ice. *See Chavez*, 584 F.3d at 1367.

The district court did not abuse its discretion in sentencing Kohler to 151 months of imprisonment. Kohler's presentence investigation report provided an offense level of 36, but the district court reduced his offense level by three levels to adjust for his mitigating role, *see* U.S.S.G. § 2D1.1(a)(5), and an additional two levels for his minor role, *see id.* § 3B1.2(b), which resulted in an advisory guideline range of 151 to 188 months of imprisonment. The district court reasonably determined that a sentence at the low end of Kohler's advisory guideline range was required to "account[] for [his] personal history and characteristics including [his] involvement" in the conspiracy. *See* 18 U.S.C. § 3553.

Kohler complains about a disparity between his sentence and the lesser sentences received by his coconspirators, but Kohler was not similarly situated to those coconspirators. *See United States v. Spoerke*, 568 F.3d 1236, 1252 (11th Cir. 2009). As the district court stated, Kohler had a higher criminal history score, had

"been incarcerated before . . . several times," had "violated probation and community control," and had decided to go to trial instead of pleading guilty and testifying for the government. Kohler's sentence is reasonable.

We **AFFIRM** Kohler's sentence.