[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15175
Non-Argument Calendar
_____

D.C. Docket No. 9:14-tp-80027-DMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REIDAR CARROLL ARDEN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 7, 2017)

Before TJOFLAT, WILLIAM PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Reidar Arden appeals the district court's order modifying the terms of his supervised release to include four months of home detention with electronic monitoring.  On appeal, Defendant argues that his supervised release revocation proceedings violated his due process rights because there was an insufficient factual basis to support Defendant's admission to having violated the terms of his supervised release.  After careful review, we affirm.

I.    **BACKGROUND**

In 2009, Defendant was found guilty of conspiracy, interstate transportation of stolen checks, and money laundering in the Eastern District of Pennsylvania. The district court sentenced him to 96 months' imprisonment, followed by 3 years of supervised release.  Upon his release from custody on the above convictions, Defendant began his term of supervised release in March 2014.

In July 2014, jurisdiction over his term of supervised release was transferred to the Southern District of Florida.  Before Defendant's term of supervised release expired, the probation officer filed a petition with the district court alleging that Defendant had violated a special condition of his supervised release by engaging in employment that deals with telemarketing.  According to the petition, Defendant was operating a website where he marketed his skills as a "sentencing mitigation specialist."

2

At the supervised release revocation hearing, the district court explained that although it was not clear that Defendant had engaged in classic telemarketing, it appeared that he had been lying to probation about his employment.  Following a brief recess between defense counsel and the Government, defense counsel informed the court that Defendant was prepared to enter an admission to the "technical violation" of supervised release.  Defense counsel also stated that the parties recommended that the court modify Defendant's supervised release to include four months of electronic monitoring, with all other terms to remain the same.  Defendant subsequently admitted the violation and indicated that he agreed with the parties' proposed resolution.  Based on his admission and the agreement of the parties, the district court concluded that Defendant violated the terms of his supervised release and modified the terms to include four months of home detention with electronic monitoring.  Defendant indicated that he did not have any objections to the manner in which the sentence was imposed.

Following the hearing, the district court entered judgment modifying the terms of Defendant's supervised release to include four months of home detention with electronic monitoring.  The order stated that Defendant was responsible for paying for the cost of the electronic monitoring equipment.

3

## II.    <u>**DISCUSSION**</u>[1]

Defendant argues for the first time on appeal that the district court violated his due process rights by accepting his admission to the supervised release violation because the Government did not present a sufficient factual basis to support the violation.

We review the district court's modification of the terms of supervised release for abuse of discretion. *See United States v. Serrapio*, 754 F.3d 1312, 1318 (11th Cir. 2014) (reviewing the modification of probation conditions for abuse of discretion); *United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994) (reviewing the revocation of supervised release for abuse of discretion). Defendant, however, failed to raise his due process argument before the district court, or challenge the modification of the terms of his supervised release. In fact, after a brief recess between the parties, defense counsel stated that Defendant was prepared to admit that he had violated the condition of supervised release and the parties were jointly recommending that the court modify Defendant's supervision to include four months of home detention with electronic monitoring. Upon further questioning

---

[1] The Government initially argued that Defendant's argument on appeal challenging the modification of the terms of his supervised release was moot because Defendant's four-month term of home detention with electronic monitoring had expired. We requested supplemental letter briefs from the parties on the mootness question. In particular, we asked the parties to address whether Defendant had suffered any collateral consequences as a result of his home detention, such that his appeal was not moot, despite the expiration of the term of home detention. Upon learning that Defendant was required to pay for the costs of electronic monitoring, and had partially paid for the costs already, the Government withdrew its mootness argument.

4

from the court, Defendant admitted the violation and stated that he agreed with the parties' recommended course of action.

On this record, Defendant invited any error in the district court's acceptance of his admission to the violation of supervised release and subsequent modification of his supervision. "It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (quotations omitted). Because Defendant invited the district court to accept his admission to the violation and to modify the terms of his supervised release, we are precluded from reviewing Defendant's argument on appeal. *See United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir. 2005) ("Where invited error exists, it precludes a court from invoking the plain error rule and reversing." (quotations omitted)).

Accordingly, the district court's judgment is **AFFIRMED**.