[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15561
Non-Argument Calendar
_____

D.C. Docket No. 6:17-cr-00064-CEM-GJK-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DWAYNE LERON TAYLOR,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 17, 2018)

Before TJOFLAT, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Dwayne Taylor appeals his convictions for nine counts of wire fraud in violation of 18 U.S.C. § 1343.  On appeal, Taylor asserts the district court erred by omitting the word "willfully" from its jury instructions.

But we do not review invited error.  *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006).  "It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." *United States v. Fulford*, 267 F.3d 1241, 1247 (11th Cir. 2001) (citation and quotations omitted).  We have applied the doctrine of invited error where the party affirmatively requested or specifically agreed with the challenged action of the district court.  *See, e.g.*, *United States v. Silvestri*, 409 F.3d 1311, 1337 (11th Cir. 2005) (concluding that the defendant invited error when his counsel stated the jury instructions "covered the bases" and that further elaboration on the elements was unnecessary).

Here, Taylor joined with the Government in submitting joint proposed jury instructions to the district court that—consistent with the pattern instruction for wire fraud—did not include the word "willfully."  Accordingly, we decline to review Taylor's challenge to the jury instructions based on the invited error doctrine.

**AFFIRMED.**

2