[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11083
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cr-00093-MMH-JBT-1

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JAROD ANTWON PAIGE,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 1, 2019)

Before TJOFLAT, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jarod Antwon Paige pled guilty to importing fentanyl, in violation of 21 U.S.C. §§ 952 and 960(b)(3); possessing heroin and cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  The District Court varied downward from the sentencing guideline range, and sentenced Paige to 84 months in prison.  Paige appeals, arguing that his sentence is procedurally unreasonable because the District Court improperly calculated the weight of the drugs attributed to him.  Paige also contends that his sentence is substantively unreasonable.

I.

We review for clear error the District Court's underlying determination of the drug quantity attributable to a defendant.  *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012).  A district court commits clear error when we are "left with a definite and firm conviction that a mistake has been committed."  *Id*. (quotation marks omitted).

When a defendant objects to the drug quantity used in calculating his or her guideline sentence, the government must establish the drug quantity by a preponderance of the evidence.  *United States v. Rodriguez*, 398 F.3d 1291, 1296

(11th Cir. 2005).  It can carry its burden by presenting reliable and specific evidence.  *Almedina*, 686 F.3d at 1315.  Sentencing may be based on fair, accurate, and conservative estimates of the quantity of drugs attributable to a defendant but cannot be based on calculations of drug quantities that are merely speculative.  *Id*. at 1316.

In determining the weight of a controlled substance, the sentencing guidelines instruct courts to use "the entire weight of any mixture or substance containing a detectable amount of the controlled substance."  U.S. Sentencing Guidelines Manual § 2D1.1(c), app. note (A) (U.S. Sentencing Comm'n 2004).  Furthermore, "[i]f a mixture or substance contains more than one controlled substance, the weight of the entire mixture or substance is assigned to the controlled substance that results in the greater offense level."  *Id.*  In contrast, courts should "not include materials that must be separated from the controlled substance before the controlled substance can be used."  U.S.S.G. § 2D1.1 n.1.

This is the "market-oriented approach": if the mixture is usable in the chain of distribution, the entire weight should be included; but waste products and unusable parts that must be separated should not be included.  *Griffith v. United States*, 871 F.3d 1321, 1335 (11th Cir. 2017); *see also United States v. Rolande-Gabriel*, 938 F.2d 1231, 1237 (11th Cir. 1991) ("Although it is logical to base sentences upon the gross weight of usable mixtures, it is fundamentally absurd to

3

give an individual a more severe sentence for a mixture which is unusable and not ready for retail or wholesale distribution while persons with usable mixtures would receive far less severe sentences."). Under this approach, cutting agents or adulterants are usable parts of the mixture that should count towards the total weight. *See Griffith*, 871 F.3d at 1331–35.

Here, a lab analyzed the drugs attributed to Paige and discovered both controlled and non-controlled substances. The lab determined that the non-controlled substances were common adulterants. As Paige conceded at sentencing, the lab did not find any waste product or unusable parts in the mixtures. As such, the District Court properly applied U.S.S.G. § 2D1.1 in including the entire weight of the mixtures.

## II.

Normally, we review the substantive reasonableness of a sentence for an abuse of discretion. *United States v. Osorio-Moreno*, 814 F.3d 1282, 1287 (11th Cir. 2016). But we do not review invited error. *See United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) ("It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." (quotation omitted)). When a party induces or invites a district court into making an error, we are precluded from reviewing that error on appeal. *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009).

4

At sentencing, Paige asked the District Court to vary downward from his guideline range of 97 to 121 months' imprisonment and impose a sentence between 33 and 97 months' imprisonment.  The Court did just that and issued an 87-month sentence.  Paige cannot now challenge a sentence he requested.[1]

**AFFIRMED.**

---

[1] Even if the doctrine of invited error did not apply, we would affirm Paige's sentence—a 10-month downward variance—as substantively reasonable.