[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10136
Non-Argument Calendar

_____

D.C. Docket No. 0:18-cr-60151-WPD-1


UNITED STATES OF AMERICA,

                                                          Plaintiff-Appellee,

versus

RUDOLPH ANTHONY NICHOLSON,
a.k.a. "R.K.S."
a.k.a. "J.O.C."
a.k.a. "M.G.",

                                                          Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 3, 2019)

Before MARTIN, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Rudolph Anthony Nicholson appeals the substantive reasonableness of the 30-month sentence he received after pleading guilty to using a passport obtained by a false statement and aggravated identity theft. Nicholson asserts his sentence was substantively unreasonable because the district court should have granted him a greater downward variance based on his personal history and characteristics and there is an unwarranted sentencing disparity between himself and a similarly-situated defendant.

Nicholson invited the district court to impose the sentence he is now challenging on appeal, and thus has waived any challenge to its reasonableness. *See United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (explaining we do not review invited error and that a defendant invites error at sentencing when he requests a sentence and then challenges that sentence on appeal). At the sentencing hearing, Nicholson requested a sentence of time served for Count 2, which he stated was a 2-month downward variance from the 8-14 month Guidelines range because he had already served 6 months in custody. Nicholson acknowledged the court had no discretion regarding the 24-month consecutive sentence for Count 3. The district court imposed the sentence Nicholson requested by sentencing him to 6 months on Count 2, followed by 24 months consecutive on Count 3. Nicholson did not object after the imposition of the sentence. This court

2

cannot review Nicholson's challenge to the reasonableness of his sentence because he invited any potential error by the district court in imposing it. *See id.*

**AFFIRMED.**