**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10119
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

TORRIAN SHARDEION RILEY,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 7:17-cr-00435-AMM-NAD-1
_____

Before JILL PRYOR, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Torrian Riley appeals his 24-month prison sentence imposed after he violated the terms of his supervised release by testing positive for illegal controlled substances. He argues that the district

court imposed a substantively unreasonable sentence because it did not consider the statutory sentencing factors and imposed its sentence based solely on his request at the hearing.

We review the substantive reasonableness of a sentence imposed following the revocation of supervised release for abuse of discretion. *United States v. Trailer*, 827 F.3d 933, 935-36 (11th Cir. 2016). Under the doctrine of invited error, we will not address the merits of an error that the defendant induced or invited the district court to make. *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006). A defendant has invited the district court to err when he expressly requested the sentence that the court ultimately imposed. *Id.*; *United States v. Carpenter*, 803 F.3d 1224, 1236-37 (11th Cir. 2015).

Here, Riley invited any error by requesting the 24-month prison sentence at the revocation hearing. After the district court decided to impose a sentence of 11 months' imprisonment followed by a 25-month term of supervised release, Riley raised the possibility of serving a 24-month prison sentence with no term of supervised release. The district court said that the decision was up to Riley and Riley expressly confirmed that he wanted the 24-month prison sentence without any supervised release.

Although Riley now argues that he made an "off-hand comment" and did not understand that he was agreeing to a longer prison sentence, the record shows that he expressly requested the sentence that he ultimately received. To the extent any error

25-10119               Opinion of the Court                    3

resulted from the 24-month sentence, it was invited by Riley. Thus, we affirm.

**AFFIRMED.**