[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15230
Non-Argument Calendar

_____

| FILED |
| U.S. COURT OF APPEALS |
| ELEVENTH CIRCUIT |
| JULY 5, 2012 |
| JOHN LEY |
| CLERK |

D.C. Docket No. 3:11-cr-00102-TJC-JRK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FILIBERTO MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 5, 2012)


Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Filiberto Martinez appeals his 41-month sentence, imposed below the

applicable guideline range, after pleading guilty to one count of reentry of a deported alien, in violation of 8 U.S.C. § 1326.   On appeal, Martinez argues that his sentence was substantively unreasonable because the district court should have gone further in reviewing the factors in 18 U.S.C. § 3553(a) and considered additional facts regarding his history and characteristics.   In particular, Martinez contends that the court should have considered that he has a minor child who he supports in Mexico, that he has only three felony convictions, that he was already punished for his prior criminal offenses, and that he will be deported upon his release from prison.

This Court may "set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011).   The party challenging the sentence bears the burden of establishing that it is substantively unreasonable in light of the record and the § 3553(a) factors.

Ordinarily, this Court expects a sentence within the guideline range to be reasonable.   *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).   A sentence imposed well below the statutory maximum penalty is another indicator of substantive reasonableness.   *See United States v. Gonzales*, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that the sentence was reasonable in part because it was

2

well below the statutory maximum).

As a preliminary matter, because Martinez requested a sentence at the bottom of the guideline range at sentencing, he impliedly invited any sentence at or below the bottom of the range.   Under the invited-error doctrine, this Court has previously held that "a party may not challenge as error a ruling or other trial proceeding invited by that party."   *United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir. 2005) (quotation omitted), and where the invited-error doctrine applies, "it precludes [this Court] from invoking the plain error rule and reversing."   *Id.* (quotation omitted). See also *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (holding that invited-error doctrine precludes defendant from arguing that district court erred in imposing term of supervised release because defendant requested the district court to impose a term of supervised release).

Even if we do not apply the invited-error doctrine, however, Martinez's sentence was substantively reasonable in light of the record and the § 3553(a) factors. The district court discussed the § 3553(a) factors at length, and held two separate hearings on the matter of the appropriate sentence in this case.   While Martinez argues that the court should have considered other facts and disputes the weight accorded to his criminal history, the weight to be given any particular factor is left to the sound discretion of the district court absent a clear error of judgment.

3

*See Irey*, 612 F.3d at 1190.   Here, there was no clear error of judgment.

**AFFIRMED.**