[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15568
Non-Argument Calendar
_____

D.C. Docket No. 1:89-cr-01008-MP-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THEODORE DWAYNE WHITFIELD,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 4, 2015)

Before TJOFLAT, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

In 1989, Theodore Dwayne Whitfield pleaded guilty to conspiring to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841 and 846. The District Court sentenced him to a prison term of 327 months to be followed by a five-year term of supervised release. The latter term began on April 12, 2013, following his release from prison.

On August 14, 2014, Whitfield was caught producing marijuana and possessing a controlled substance; two weeks later, his probation officer petitioned the District Court to revoke Whitfield's supervised release for violating the mandatory conditions of the release—that he refrain from violating federal or state law. On December 4, 2014, the District Court held a hearing on the petition. Whitfield admitted the violation.[1] The following colloquy between the court, defense counsel, and Whitfield then took place:

> THE COURT: Let me find the guidelines.
>
> DEFENSE COUNSEL: Your Honor, I don't believe there are any guidelines based upon the age of the conviction and the year in which it was imposed. I have had discussions with probation on this issue.
>
> THE COURT: The report doesn't show any, either, but your sentence could be revoked and you could be sentenced up to five years. Do you understand that, sir?
>
> THE DEFENDANT: Yes, sir.

---

[1] Whitfield pleaded *nolo contendere*, and the court accepted the plea because a state prosecution was pending against Whitfield.

Doc. 209, at 3.  Defense counsel urged the court to impose a short sentence of incarceration—no more than three to six months.  The court imposed a thirty-six month sentence of confinement, stating:  "In imposing [the] sentence, I have considered the guidelines, policy statements, and other matters required by this Court."  *Id.* at 11.[2]  The court then asked defense counsel whether the defendant had any objections to "any matters that have transpired here today or [any] motions and objections outstanding as to which I have not addressed myself."  *Id.* at 12.  Counsel replied: "Just as to our request for self-surrender."  *Id.*

Whitfield appeals the sentence the District Court imposed, claiming the following procedural irregularities.  He argues that the court erred by failing to calculate and consider the grade of his violation and resulting guideline sentence range before imposing sentence; that the guideline sentence range, had it been calculated, would have called for a sentence of less than thirty-six months; and that the court erred in failing to state a reason for the "upward variance."

When, as here, the defendant has not presented to the sentencing court objections he raises on appeal, we review his objections for plain error.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  Under plain error review, the defendant must show: error, that is plain, and that affects substantial rights.  *Id.*  We may then exercise our discretion to notice a forfeited error, but only

---

[2] The court expressly declined to impose a term of supervised release.

if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Procedural error can include errors such as failing to calculate, or improperly calculating, the guidelines sentence range; treating the guidelines as mandatory; failing to consider the sentencing objectives of 18 U.S.C. § 3553(a); selecting a sentence based on clearly erroneous facts; or failing to adequately explain the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L. Ed. 2d 445 (2007).

The doctrine of invited error is implicated when a party induces or invites the district court into making an error. *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (per curiam). Where invited error exists, we are precluded from invoking the plain-error rule. *Id.*

Invited error occurred here. Whitfield's counsel informed the court that there were no applicable sentencing guidelines and used the lack of guidelines to recommend a short sentence. Hence, Whitfield cannot argue that the error he now asserts requires our review.

AFFIRMED.