[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14675
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cr-00018-RWS-JCF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS MIGUEL JACINTO-GONZALEZ,
a.k.a. Jacinto Luis-Miguel,
a.k.a. Luis Miguel Gonzalez,
a.k.a. Luis Miguel Jacinto,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 19, 2018)

Before MARTIN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Luis Miguel Jacinto-Gonzalez appeals his sentence of 8-months imprisonment and 2-years supervised release for illegal reentry of a deported alien in violation of 8 U.S.C. §§ 1326(a), (b)(2).  He argues on appeal that the district court erred when it computed his time served and explicitly denied him any further credit for his time served as calculated by the Bureau of Prisons ("BOP").  After careful review, we vacate Jacinto-Gonzalez's sentence and remand for resentencing.

## I.

Jacinto-Gonzalez is a citizen and national of Mexico.  On March 26, 2017, Jacinto-Gonzalez was arrested by the Gainesville Police department for disorderly conduct and public drunkenness.  County officers referred him to immigration officers as a possible foreign-born inmate.  Earlier, in October 2013, the United States removed Jacinto-Gonzalez to Mexico after he was convicted of aggravated assault.  Jacinto-Gonzalez admitted he returned to the United States in 2016 without being inspected, admitted, or paroled by an immigration officer.

On March 28, Jacinto-Gonzalez was charged by indictment with being in the United States after having been deported and without obtaining the consent of the Attorney General or the Secretary of Homeland Security, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  On June 23, Jacinto-Gonzalez pled guilty to his state charges and was sentenced to 30-days imprisonment with credit for time served.

2

On July 14, Jacinto-Gonzalez pled guilty to his federal charge. Jacinto-Gonzalez has been in custody since his March 26 arrest.

On October 4, the district court held a sentencing hearing. Jacinto-Gonzalez's sentencing guideline range was 8 to 14-months imprisonment. At the hearing, Jacinto-Gonzalez's counsel expressed concern that BOP would not give his client credit for all the time he had been in custody. He noted that Jacinto-Gonzalez had been in federal custody since at least May 17, when he was arraigned in federal court, and in either federal or state custody since his arrest on March 26. He asked the court "to fashion a sentence that gives him credit for that time." The district court agreed that it was unclear how much credit for time served Jacinto-Gonzalez would receive based on the BOP calculation. To address this uncertainty, the district court sentenced Jacinto-Gonzalez to 8-months imprisonment with no credit for time served. The court said:

> What I've essentially done is given him credit for the time served and calculate it as a 13- or 14-month sentence, depending on whether you're giving him credit or not for the 30 days he did on state time, which technically he should not get credited against this, but the bottom line is eight months with no credit for time served before today.

Jacinto-Gonzalez's counsel objected to the court ordering no credit for time served. In response, the court noted that Jacinto-Gonzalez effectively was getting credit— "So it's really more like a 13-month sentence with credit for time served." The sentencing order states: "The defendant has received credit for his prior time in

3

custody.  Thus, the defendant should not receive credit for any time served prior to October 4, 2017, the date of sentencing."  This appeal followed.

II.

We review de novo a district court's interpretation of a statute.  Dawson v. Scott, 50 F.3d 884, 886 (11th Cir. 1995).

Under 18 U.S.C. § 3585(b), "a defendant shall be given credit" for time served in official detention "that has not been credited against another sentence."  In United States v. Wilson, the Supreme Court held that "§ 3585(b) does not authorize a district court to compute the credit at sentencing."  503 U.S. 329, 334, 122 S. Ct. 1351, 1354 (1992).  Instead, it is the Attorney General, through the Bureau of Prisons, and not the district court that computes credit for time served.  Id. at 334–35, 122 S. Ct. at 1354–55.  This is so because "Congress has indicated that computation of credit must occur after the defendant begins his sentence.  A district court, therefore, cannot apply § 3585(b) at sentencing."  Id. at 333, 122 S. Ct. at 1354.

Jacinto-Gonzalez argues that the district court violated § 3585(b) when it directed BOP not to credit him for time served.  Indeed, the Supreme Court clearly addressed this in Wilson: BOP computes time served, not the sentencing court.  The court was free under the Sentencing Guidelines to adjust Jacinto-Gonzalez's sentence to account for time served in state custody that BOP would not have

4

credited.  USSG § 2L1.2, cmt. 6.  However, the court did not have the authority to prevent BOP from calculating the amount of time served.

The government argues that any error was both invited and harmless.  "It is a cardinal rule of appellate review that a party may not challenge as error a ruling . . . invited by that party."  United States v. Love, 449 F.3d 1154, 1157 (11th Cir. 2006) (per curiam) (quotation omitted).  An error is harmless and should be disregarded if it does not affect substantial rights.  Fed. R. Crim. P. 52(a).  We find harmless error if it is "clear beyond a reasonable doubt that the error complained of did not contribute to the sentence obtained."  United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005) (per curiam) (quotation omitted and alteration adopted).

Jacinto-Gonzalez correctly argues that the district court's error was neither invited nor harmless.  First, Jacinto-Gonzalez did not ask the court to supplant the BOP's calculation of time served.  He simply asked that the court also consider his time served in state custody when the court was deciding the appropriate length of his sentence, as the court was allowed to do under Comment 6 of § 2L1.2 of the Sentencing Guidelines.  Jacinto-Gonzalez's attorney did not ask the court to take on BOP's role in calculating time served and objected when the court announced its intention to do so.  Second, Jacinto-Gonzalez did not necessarily receive a shorter sentence than he would have had the court not removed BOP's authority to calculate time served.  The district court said it intended to give Jacinto-Gonzalez

5

either a 13 or 14-month sentence by sentencing him to 8-months imprisonment with no credit for time served. This leaves a lack of clarity about the length of sentence the district court thought was appropriate. Also, the record is not clear as to when Jacinto-Gonzalez went in and out of federal custody. This leaves us to conclude that it is not "clear beyond a reasonable doubt that the error complained of did not contribute to the sentence obtained." See Paz, 405 F.3d at 948.

For these reasons, we vacate Jacinto-Gonzalez's sentence and remand for resentencing. When resentencing, the district court may consider the time spent by Jacinto-Gonzalez in state custody pursuant to Comment 6 of Guidelines § 2L1.2, but may not preclude BOP from performing its own calculation of time served.

**VACATED AND REMANDED**