[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12661
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-20214-CMA-3

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LUROY JENNINGS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 19, 2019)

Before TJOFLAT, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Luroy Jennings appeals the sentence a district court imposed when he violated the conditions of his supervised release.  After careful review, we affirm.

## I.    BACKGROUND

A jury convicted Jennings of two counts of sex trafficking of a minor, and Jennings completed a term of incarceration.  After Jennings was released from prison, he began a 10-year term of supervised release.  Three conditions of Jennings's release, based on his counts of conviction, were that he:  refrain from buying, selling, exchanging, possessing, or producing pornography (or from communicating with anyone who did so); participate in a sex offender treatment program; and refrain from violating the law.  Several months after he began his term of supervised release, the probation office petitioned the district court for revocation.  The probation office alleged that Jennings had violated the first two of these conditions.  The probation office later filed a superseding petition, adding that Jennings had violated the third condition by committing the offense of promotion of prostitution in Texas.

The district court conducted a revocation hearing at which Jennings admitted to violating the terms of his supervised release by buying, selling, exchanging, possessing, or producing adult pornography.  The government agreed to voluntarily dismiss the remaining alleged violations, which Jennings represented he was prepared to contest.  The district court adjudicated Jennings in violation of

2

a condition of his supervised release.  The probation office calculated an advisory guidelines range of 8 to 14 months' imprisonment and 2 to 5 years' supervised release; the government recommended a sentence of 12 months' imprisonment and 20 years' supervised release.  As to the lengthy term of supervised release, the government cited the need to protect the community from Jennings's unlawful behavior and the seriousness of his violation as a "trigger" for more problematic behavior.  Doc. 261 at 16.[1]

Defense counsel argued for "reinstatement" of supervised release with credit for the two months Jennings had spent in custody since the probation office petitioned for revocation.  *Id.* at 11. Counsel argued that Jennings's progress since his release far outweighed the violation he committed.  Defense counsel was careful "[n]ot to belittle a Court's order given the nature of his underlying charge that a person cannot then look at pornography," but argued that "[t]his [violation] is not something that . . . makes Mr. Jennings . . . a danger to the community."  *Id.* at 12.  Jennings had completed a drug treatment program and stayed sober, was completing sex offender treatment, had voluntarily entered a recovery program, had gotten a full-time job, and was taking steps to get into vocational school.

The district court explained that it had reviewed Jennings's history, including from his prior sex trafficking case, and observed that Jennings's 2007

---

[1] "Doc. #" refers to the numbered entry on the district court's docket.

3

presentence investigation report ("PSR") reflected that he had participated in the prostitution business. The court also noted that Jennings's PSR prepared in anticipation of his supervised release revocation hearing contained an allegation that a search of Jennings's phone revealed "a text to an escort regarding [Jennings] possibly entering the prostitution business again" by serving as the escort's "pimp." *Id.* at 18. The text, according to the government, read: "I think you got me mixed up. I get my thrills from . . . $100 bills. I thought maybe you was ready to elevate it and motivate with a man. I'm building empires for real." *Id.* at 20. Jennings objected, explaining that the text message pertained only to a disputed supervised release violation that the government had agreed to dismiss and that any inference that Jennings was offering to serve as the woman's pimp was unwarranted.

Without expressly ruling on the objection, the district court—relying on "background facts that cause me concern," the factors set forth in 18 U.S.C. § 3553(a), and submissions from the defense—imposed a sentence of 6 months of imprisonment followed by 20 years of supervised release. *Id.* at 23. The court also imposed the following condition of supervised release:

> The Defendant shall not buy, sell, exchange, possess, trade, or produce visual depictions of minors or adults engaged in sexually explicit conduct. The Defendant shall not correspond or communicate in person, by mail, telephone, or computer, with individuals or companies offering to buy, sell, trade, exchange, or produce visual depictions of minors or adults engaged in sexually explicit conduct.

Doc. 249 at 2. Jennings did not object to this condition, which was identical to one imposed when he began his original 10-year term of supervised release. He did, however, object to the sentence insofar as it was based on the district court's inference from the text message that Jennings was considering reentering the prostitution business.

This is Jennings's appeal.

## II.    STANDARDS OF REVIEW

We review the reasonableness of a sentence, including one imposed upon the revocation of supervised release, for an abuse of discretion. *United States v. Irey*, 612 F.3d 1160, 1188-89 (11th Cir. 2010) (en banc); *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006). The party challenging a sentence bears the burden of proving the sentence is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). We "must first ensure that the district court committed no significant procedural error," including by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence— including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). Under § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply

5

with the purposes" of § 3553(a)(2)—the need to reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment.  18 U.S.C. § 3553(a)(2).  The court must also consider the nature and circumstances of the offense; the history and characteristics of the defendant; the kinds of sentences available; the applicable guideline range, the pertinent policy statements of the Sentencing Commission; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

We review *de novo* whether a district court sufficiently explained its reasons for imposing a non-guideline sentence, pursuant to 18 U.S.C. § 3553(c)(2), even if the defendant made no objection in the district court to the explanation.  *United States v. Parks*, 823 F.3d 990, 996 (11th Cir. 2016).  The district court must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing."  *Gall*, 552 U.S. at 50.  The court "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."  *Rita v. United States*, 551 U.S. 338, 356 (2007).

6

After examining whether the district court committed any procedural error, we must consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. *Gall*, 552 U.S. at 51. A district court imposes a substantively unreasonable sentence when it fails to afford consideration to relevant factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors. *Irey*, 612 F.3d at 1189. Generally the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008); a district court commits a clear error of judgment when it "considers the proper factors but balances them unreasonably" and imposes a sentence that "does not achieve the purposes of sentencing as stated in § 3553(a)," *Irey*, 612 F.3d at 1189 (internal quotation marks omitted).

We review arguments made for the first time on appeal only for plain error. Under plain error review, we may reverse only if we conclude that there is error; the error is plain; the error affected the defendant's substantial rights; and "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotation marks omitted). Where, however, a defendant "induces or invites the district court into making an error," we are "preclude[d] . . . from

invoking the plain error rule and reversing." *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (internal quotation marks omitted).

## III.   DISCUSSION

Jennings makes three arguments on appeal, all relating to the 20-year term of supervised release the district court imposed (and not to the 6-month term of incarceration).  First, he contends that the term the district court imposed is procedurally unreasonable because the district court clearly erred in relying on the unsupported allegation that he was attempting to reenter the prostitution business and in failing to articulate sufficient reasons for varying upward from the guidelines range.  Second, he argues that the term of supervised release is substantively unreasonable considering the relatively minor violation compared with the significant progress he had made since his term of incarceration ended.  Third, Jennings challenges the condition of supervised release that prohibited him from viewing adult pornography.  We address these arguments in turn.

### A. Procedural Reasonableness

Jennings argues that the 20-year term of supervised release is procedurally unreasonable because it was based on the unsupported finding that he had attempted to reenter the prostitution business.  Relatedly, he argues that the sentence is procedurally unreasonable because the district court failed to provide

adequate explanation for the significant upward variance to 20 years.  After careful review, we reject both arguments.

First, although we agree with Jennings that the district court did base the sentence, at least in part, on the finding that Jennings had attempted to reenter the prostitution business, we cannot say that finding was clearly erroneous.  *Gall*, 552 U.S. at 51.  Jennings did not dispute the existence of the text message; rather, he merely disputed the inferences that could be drawn from it.  He disputed the inferences that he knew the woman was an escort and that he intended to convey to her his interest in serving as her pimp, rather than as a customer.  But based on the message, the text of which was undisputed, each was a reasonable inference. Jennings's statements that he "thought maybe [she] was ready to elevate it and motivate with a man," that he got his "thrills" from "$100 bills" and was "building empires for real" together reasonably suggest that Jennings was seeking to serve as the pimp to an escort.  Although it also is *possible* Jennings was not actually seeking to reenter the prostitution business, that possibility does not render the district court's determination clearly erroneous.  *See United States v. De Varon*, 175 F.3d 930, 945 (11th Cir. 1999) (en banc) (explaining that under a clear error standard of review, a district court's choice between two permissible views of evidence is not clear error).

Second, the district court provided adequate explanation for the 20-year term of supervised release.  Contrary to Jennings's suggestion, the court went far beyond considering only the text message.  The district court stated on the record that it considered the § 3553(a) factors, the probation office's submissions, and "the filing in aid of sentencing that [defense counsel] submitted, which includes a letter from [an] employer and a latter from a job recruiter and . . . a minister of a church in Gainesville, Texas."  Doc. 261 at 22-23.  It was only after reviewing all of these materials that the district court pronounced the sentence.  The court's explanation is enough to "satisfy [us] that [the court] considered the parties' arguments and ha[d] a reasoned basis" for imposing the sentence it did.  *Rita*, 551 U.S. at 356; *see Irey*, 612 F.3d at 1195 (explaining that the district court has no obligation to "articulate his findings and reasoning with great detail").

For these reasons, we cannot say that the sentence the district court imposed is procedurally unreasonable.

## B. Substantive Reasonableness

Jennings next argues that the 20-year term of supervised release is substantively unreasonable in light of the facts that his violation, viewing adult pornography, was not inherently abnormal and did not render him a danger to the community; he readily admitted to the violation; viewing pornography is not a proven "trigger" for sex trafficking of a minor; and the § 3553(a) factors weighed

10

in favor of a lighter supervised release term.  Appellant's Initial Br. at 22.  We discern no abuse of discretion.  As explained above, the district court was entitled to find that Jennings was interested in possibly returning to the sex trade.  And the court considered that Jennings indisputably had violated the terms of his supervised release less than a year after his term of incarceration ended.  The district court was within its broad discretion to conclude that these facts warranted a 20-year term of supervised release even though Jennings indisputably was maintaining gainful employment and seeking to better himself through treatment and vocational school.  *See Williams*, 526 F.3d 1322.

## C. Restriction on Viewing Pornography

Finally, for the first time on appeal Jennings challenges the condition of his supervised release preventing him from buying, selling, exchanging, possessing, trading, or producing adult pornography, or communicating with any business or individual who does so.  For short, we call this the condition prohibiting viewing adult pornography.  Specifically, Jennings argues that the condition is a greater deprivation of liberty than is reasonably necessary to achieve the sentencing purposes of deterrence, protection of the public, and rehabilitation.  He points to other circuits that have held that a condition restricting viewing pornography without a specific, articulated relation to the crime is overbroad and inappropriate.

11

We may not review Jennings's challenge under a plain error standard of review, because any error was invited.  At the revocation hearing, defense counsel specifically and broadly argued for "reinstatement" of Jennings's supervised release with full knowledge that Jennings's original 10-year term of supervised release included the now-challenged condition.  Doc. 261 at 11.  As counsel did so, she expressly acknowledged that there was a relationship between the condition prohibiting viewing adult pornography and Jennings's offenses of conviction.  *See id.* at 12 ("Not to belittle a Court's order given the nature of his underlying charge that a person cannot then look at pornography . . . .").  Based on these statements, Jennings is precluded from claiming that the condition has no specific, articulable connection to his underlying crimes of convictions and that the district court erred in imposing it.  *See Love*, 449 F.3d at 1157.[2]  We therefore uphold the condition of supervised release prohibiting Jennings from viewing adult pornography.

---

[2]  We acknowledge that defense counsel questioned whether viewing adult pornography was, for Jennings, "a trigger to lead to something . . . that was related to his underlying case." Doc. 261 at 17.  In other words, counsel argued in mitigation that Jennings was not likely to reoffend just because he viewed adult pornography.  Given counsel's clear request that the district court "reinstat[e]" Jennings's previous supervised release, however, this statement cannot negate the invitation of error.  *Id.* at 11.

Further, we reject Jennings's argument that there can be no invited error when the district court did not fully accept each element of defense counsel's invitation but instead doubled the term of supervised release while keeping the same conditions.  The district court accepted Jennings's invitation insofar as it applied to the conditions of his supervised release.  Nothing in our caselaw requires more.

## IV.    CONCLUSION

For the foregoing reasons, we affirm Jennings's sentence.

**AFFIRMED.**