[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12775

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RASHADI ANDRE WEARING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:18-cr-00039-MHC-1

_____

Before JORDAN, ROSENBAUM, and BRANCH, Circuit Judges

PER CURIAM:

Rashad Andre Wearing (whose first name is misspelled as Rashadi in some of the pleadings) appeals the district court's 18-month imprisonment sentence imposed upon revocation of his supervised release. He contends that the sentence was procedurally unreasonable because the district court incorrectly determined his advisory guideline range as 7-13 months of imprisonment based on the improperly calculated criminal history category (Category V) from his original sentence.

When reviewing for procedural reasonableness, we ordinarily consider legal issues *de novo* and review factual findings for clear error. *See United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010). We review the district court's interpretation and application of the Sentencing Guidelines *de novo*. *See United States v. Tejas*, 868 F.3d 1242, 1244, 1247 (11th Cir. 2017).

In reviewing a sentence for procedural reasonableness, we must ensure that the district court did not make significant procedural error, such as failing to calculate or improperly calculating the Guidelines range. *See United States v. Grushko*, 50 F.4th 1, 17 (11th Cir. 2022). When calculating the guideline imprisonment range that applies at revocation, "[t]he criminal history category is the category applicable at the time the defendant was originally sentenced to a term of supervision." U.S.S.G. § 7B1.4(a). The

applicable commentary explains that the criminal history category is not to be recalculated except in the rare case in which no criminal history category was determined when the defendant originally was sentenced. *See* § 7B1.4, comment. (n.1).

In the district court, Mr. Wearing asserted that his advisory guideline range was 6-12 months of imprisonment—rather than 7-13 months of imprisonment—because his correct criminal history category was IV, and not V as initially determined at his original sentencing. The district court ruled that Mr. Wearing's criminal history category from the initial sentencing controlled, and also explained that the dispute about the appropriate advisory guideline range was moot because the parties had jointly recommended a sentence of 18 months' imprisonment with no supervised release to follow. Mr. Wearing agreed that this latter point was likely correct. The district court then sentenced Mr. Wearing to 18 months of imprisonment as jointly recommended by the parties.

We do not consider Mr. Wearing's challenge to his criminal history category. Under the doctrine of invited error, we will not address—not even for plain error—the merits of an error that the appellant induced the district court to make. *See United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006). A defendant invites the district court to err when he "expressly acknowledge[s]" that the court may take the action of which he complains on appeal or when he "expressly requested" that action. *Id.*

Here Mr. Wearing is mounting a procedural reasonableness challenge to his 18-month sentence.  But he and the government jointly asked the district court to impose a custodial sentence of 18 months.  That recommended sentence was above both of the possible advisory guideline ranges available (6-12 months if Mr. Wearing's criminal history category was IV and 7-13 months if Mr. Wearing's criminal history category was V).  Because Mr. Wearing is now complaining about a sentence that he expressly requested, the doctrine of invited error applies.  *See Love*, 454 F.3d at 1157 (holding that because the defendant "induced or invited the district court to impose a sentence that included a term of supervised release" the doctrine of invited error prevented him from challenging the term of supervised release on appeal).

**AFFIRMED.**